DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Sandusky County Court of Common Pleas. The facts relevant to a disposition of this cause are as follows.
 {¶ 2} On January 27, 2001, appellee, Elsebeth Baumgartner entered into a negotiated fee agreement with appellant, the law firm of Albrechta Coble. Appellant, in return, agreed to represent Elsebeth and her husband, appellee, Joseph Baumgartner, in various legal matters, including a number of pending lawsuits.
 {¶ 3} The fee agreement provides for both hourly fees and flat fees. Pursuant to the agreement appellees were required to pay for appellant's legal services by means of a "universal retainer." This provision in the agreement states, in material part:
 {¶ 4} "The UNIVERSAL RETAINER shall be paid within fourteen (14) days of execution of this agreement and shall be paid toALBRECHTA COBLE in the amount of Ten Thousand Dollars
($10,000.00). No work shall be commenced on any of the matters payable against this retainer until the retainer is received. * * * Billing shall be charged against the retainer not more than monthly. ALBRECHTA COBLE shall notify the client by mailing to client an itemized billing setting forth the amount to be charged against the universal retainer. ALBRECHTA COBLE shall not draw against the universal retainer until seven (7) days after the itemized bill is sent. Client may dispute any portion of the billing by indicating the specific item that is disputed and the reasons for the dispute. If there is a dispute,ALBRECHTA COBLE may withdraw the undisputed portion of the bill from the universal retainer account. The parties will attempt to resolve the disputed portion of the bill. If, after three (3) days of negotiations, the parties are unsuccessful in resolving their dispute the client may select any lawyer of their choosing to act as an arbitrator. The decision of the arbitrator shall be fully binding on the parties without appeal."
 {¶ 5} Under the terms of the fee agreement, appellees were supposed to maintain at least $2,500 in the universal retainer account at all times.
 {¶ 6} Appellant represented appellees on the agreed upon matters and billed them on a monthly basis. Appellees never disputed any of the fees, and the funds in the universal retainer were exhausted following the April 30, 2001 billing date. Appellant continued to provide legal services to appellees, and by July 2, 2001 an additional $14,478.41 was due and payable for those services. Appellant billed the final amount, $15,380.34, on January 31, 2002. Once again, appellees never disputed this bill. On March 2, 2002, appellees sent appellant a letter stating that they refused to pay for appellant's legal services.
 {¶ 7} In April 2002, appellant initiated the instant action based on the breach of the fee agreement. Appellant prayed for an award of $15,689.48, plus one percent interest per month, as set forth in the fee agreement, and court costs. Instead of filing an answer, appellees filed a motion to stay trial and to refer this case to arbitration. Appellant filed an application for a default judgment. The trial court granted that motion, holding that appellees' application was not properly before the court and that the allegations in the complaint were deemed admitted. Appellees appealed the common pleas court's judgment, and this court reversed that judgment and remanded the case for further proceedings. See Albrechta Coble v. Baumgartner, 6th
Dist. No. S-02-015, 2002-Ohio-6351.
 {¶ 8} On remand, the trial judge granted appellees' motion to stay the lower court proceedings and referred the fee dispute to arbitration. Appellant appeals this judgment and asserts the following assignment of error:
 {¶ 9} "The trial court erred and abused its discretion by granting the defendants-appellees' motion to stay and refer to arbitration."
 {¶ 10} The standard of review for determining whether a trial court properly ordered the proceedings below stayed pending arbitration is an abuse of discretion standard. Harsco Corp. v.Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410, discretionary appeal not allowed (1997), 80 Ohio St.3d 1477. The term "`abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Id., quoting Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Pursuant to R.C. 2711.02, a court must first determine that the issue involved in an action is referable to arbitration under a written agreement that calls for arbitration. Cross v.Carnes (1998), 132 Ohio App.3d 157, 164. A determination of whether a particular claim is subject to an arbitration provision in a contract is a question of law for the court to decide upon an examination of the contract, unless the contract itself reserves the question for the arbitrator. Gaffney v. Powell
(1995), 107 Ohio App.3d 315, 319; Neubrander v. Dean WitterReynolds, Inc. (1992), 81 Ohio App.3d 308, 311.
 {¶ 12} In the present case, the fee agreement does not reserve the issue of whether appellant's claim is subject to arbitration to an arbitrator. Thus, we are presented with a question of law as to whether the fee dispute in this case is referable to arbitration under the pertinent provision in the fee agreement. Cleveland Elec. Illuminating Co. v. Pub. Util. Comm.
(1996), 76 Ohio St.3d 521, 523; Nationwide Mut. Fire Ins. Co. v.Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108.
 {¶ 13} As the fee agreement in this case is a contract, the cardinal purpose of our examination of this document is to ascertain and give effect to the intent of the parties. AultmanHosp. Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51,53. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement."Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. If the contract is unambiguous on its face, courts will not construe the contract's meaning contrary to its plain terms. Aultman Hosp. Assn. v. CommunityMut. Ins. Co., 46 Ohio St.3d 51 at the syllabus.
 {¶ 14} In the case under consideration, the fee agreement required appellees to dispute all or any portion of the itemized bill to be charged against the universal retainer. If they did not do so, appellant could withdraw the amount of the bill from the retainer seven days after the itemized bill was sent. A reading of this part of the fee agreement reveals that the plain and unambiguous language of the seven day provision effectively limits the time period in which appellees could dispute the amount of the bill or any portion thereof to seven days. Moreover, under the fee agreement, only disputed bills or disputed portions of bills are subject to arbitration and, then, only after three days of negotiations between the parties.
 {¶ 15} The record of this cause discloses that appellees neither disputed the fees charged in a timely manner nor engaged in any kind of negotiations to resolve any alleged disputes involving the fees owed for the legal services rendered by appellant. Consequently, this court finds that as a matter of law under the terms of the fee agreement, the dispute over the final amount owed by appellees to appellant for legal services is not subject to arbitration. The trial court, therefore, abused its discretion in granting appellees' motion to stay the proceedings for purposes of referring the matter to arbitration. Accordingly, this court finds that appellant's sole assignment of error is found well-taken.
 {¶ 16} The judgment of the Sandusky County Court of Common Pleas is reversed. Appellees are ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Abood, J., Glasser, J., Nahra, J., concur.
Judges Abood, Glasser and Nahra, sitting by assignment of Chief Justice of the Supreme Court of Ohio.