DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court stayed proceedings in a case involving uninsured/underinsured motorist coverage and referred the matter to arbitration. Appellant, American Family Insurance Co. ("American Family"), sets forth the following assignment of error on appeal:
 {¶ 2} "The trial court erred to the prejudice of the Appellant, American Family Insurance Company, by staying these proceedings and ordering the case to arbitration."
 {¶ 3} The facts that are relevant to the issues raised on appeal are as follows. On November 14, 2002, appellee, Frazier Dunlap, sustained personal injuries in an automobile accident, when another motorist collided with the rear end of appellee's vehicle. The motorist left the scene of the accident and was never identified.
 {¶ 4} On March 24, 2003, appellee's attorney sent a letter to appellee's insurance carrier, American Family, asking for a copy of the insurance policy that was in effect at the time of the accident. American Family did not respond to the letter. On July 21, 2004, appellee filed a complaint against the unidentified driver[1] and American Family. On August 6, 2004, American Family filed an answer. Thereafter, American Family and appellee filed pretrial statements on November 12 and November 15, 2004, respectively, and a trial date of September 12, 2005 was set.
 {¶ 5} As part of discovery, appellee again asked for a copy of the automobile insurance policy in effect when the accident occurred. In response, American Family produced a copy of appellee's renewal policy, which was in effect from February 28, 2004, until August 28, 2004.
 {¶ 6} Part III of the renewal policy, which set forth terms governing uninsured motorist coverage stated, in relevant part:
 {¶ 7} "Arbitration
 {¶ 8} "We or an insured person may demand arbitration if we do not agree:
 {¶ 9} "1. That the person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle.
 {¶ 10} "2. On the amount of payment under this Part. * * *"
 {¶ 11} On February 25, 2005, appellee's attorney wrote a letter to American Family, in which she stated:
 {¶ 12} "I believe there may be an arbitration clause in [appellee's] policy * * *.
 {¶ 13} "As such, I would request this matter be arbitrated * * *. [M]y client will not be deposed until [a certified copy of] the requested policy is received and the issue of arbitration is decided. * * *"
 {¶ 14} American Family did not respond to appellee's request for arbitration. Consequently, on March 2, 2005, appellee filed a motion to stay proceedings in the trial court pending arbitration, pursuant to R.C. 2711.02(B). Attached to appellee's motion was a copy of the renewal policy.
 {¶ 15} On March 29, 2005, American Family filed a memorandum in opposition to the stay, in which it argued appellee waived arbitration when he filed the complaint.
 {¶ 16} On May 31, 2005, the trial court stayed the proceedings pending the outcome of arbitration.[2] On June 1, 2005, American Family filed a timely notice of appeal.
 {¶ 17} Pursuant to R.C. 2711.02, if an issue is referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending "shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration. * * *" An order granting or denying a motion for stay pending arbitration is a final, appealable order. R.C. 2711.02; Battle v. Bill Swad Chevrolet, Inc.
(2000), 140 Ohio App.3d 185, 187.
 {¶ 18} It is undisputed that the issue of whether appellee is entitled to uninsured motorist benefits is referable to arbitration. However, on appeal, American Family asserts appellee's contractual right to arbitration was waived. In support, American Family argues that: 1) appellee filed his complaint in July 2004, but waited until March 2005, to ask for arbitration; and 2) appellee "actively participated in litigation" by filing the complaint, making discovery requests, and participating in a pretrial conference.
 {¶ 19} On appeal, this court will not overturn the trial court's order granting or denying a stay pending arbitration, absent a finding that the trial court abused its discretion.Albrechta Coble v. Baumgartner, 6th Dist. No. S-03-006,2004-Ohio-3906, ¶ 10, citing Harsco Corp. v. Crane Carrier Co.
(1997), 122 Ohio App.3d 406, 410, discretionary appeal not allowed (1997), 80 Ohio St.3d 1477. The term "abuse of discretion" connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} Ohio law favors and encourages arbitration as a method of resolving disputes. Nevertheless, a party's right to arbitration may be waived. Hogan v. Cincinnati Financial Corp.,
11th Dist. No. 2003-T-0034, 2004-Ohio-3331, at ¶ 22. For example, a party may waive his right to arbitrate by filing a complaint, or otherwise engaging in "active participation in a lawsuit * * *." Id. at ¶ 22-24. (Citations omitted). In order to establish the existence of such a waiver, the opposing party must show that the party waiving the right both knew the right to arbitration existed and acted inconsistently with that right. Id. at ¶ 23.
 {¶ 21} As set forth above, in March 2003, appellee's attorney asked American Family for a copy of the insurance policy in effect at the time of the accident. No policy was forthcoming. In July 2004, more than a year later, appellee filed a lawsuit and again attempted to obtain a copy of the applicable policy, this time through discovery. Instead of simply mailing appellee a copy of the policy as requested, American Family provided a copy of the renewal policy which, by its own terms, was not in effect at the time of the accident. Within weeks after receiving and reviewing a copy of the renewal policy,[3] appellee filed the motion for a stay pending the outcome of arbitration.
 {¶ 22} This court has reviewed the entire record of proceedings in the trial court. On consideration thereof, we find American Family has not shown that appellee had knowledge of his right to arbitrate before the complaint was filed, or that appellee acted inconsistently with that right once he became aware of its existence. Accordingly, the trial court did not abuse its discretion by granting the motion for a stay pending arbitration. American Family's sole assignment of error is not well-taken.
 {¶ 23} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. concur.
[1] The unidentified driver, referred to in the complaint as "John Doe," is not a party to this appeal.
[2] The trial court originally granted appellee's motion on May 4, 2005; however, copies of that judgment entry were not properly served on the parties. Consequently, the trial court issued a nunc pro tunc entry on May 31, 2005.
[3] In its reply brief on appeal, American Family attempts to bolster its waiver argument by stating that a copy of appellee's policy was mailed on July 20, 2004, one day before the complaint was filed. However, although an "entry" date of July 20, 2004 is printed on the face sheet of the policy, there is no evidence in the record to show when the copy was actually mailed or received. Accordingly, American Family's argument is unpersuasive.