OPINION
{¶ 1} Appellants, Cincinnati Insurance Company ("Cincinnati") and Continental Insurance Company ("Continental"), each individually appeal from a judgment of the Trumbull County Court of Common Pleas denying each of their motions for summary judgment and granting summary judgment to Marjorie M. Hogan ("appellee"), administratrix of the estate of her husband, Paul E. Hogan, Jr. ("decedent"). For the reasons set forth below, appellants' assignments of error are well-taken, and we reverse the decision of the trial court.
 {¶ 2} On May 26, 1993, decedent was killed when uninsured motorist and alleged tortfeasor, Dale E. Wentink ("Wentink"), negligently operated his Ford F-150 pickup truck which collided with a motorcycle owned and operated by decedent. The collision occurred in Ashtabula County, Ohio, and the injuries sustained by decedent caused his instant death.
 {¶ 3} At that time, decedent was on temporary lay off status from and alleged by appellee to have been employed by Amweld Building Products, Inc. ("Amweld"). Amweld then had an effective automobile insurance policy, as part of a comprehensive business policy, with Continental. Also at that time, appellee was employed by Dollar Savings and Trust Company in Niles, Ohio. Dollar Savings was then the named insured under effective automobile insurance and umbrella policies with Cincinnati.
 {¶ 4} This action was brought against Cincinnati and Continental pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins.Co., 85 Ohio St.3d 660, 1999-Ohio-292, to determine the availability and/or existence of UM/UIM coverage as it related to decedent.[1] In her complaint against each appellant, appellee requested the trial court to declare that decedent was an insured under the relevant policy; declare that decedent was entitled to UM/UIM coverage; declare that decedent had complied with the terms and conditions of the insurance policies; declare the rights, duties, and obligations of all parties; award damages to the full extent of the policy limits; and require that the parties submit to binding non-capped arbitration.
 {¶ 5} Cincinnati and Continental each filed a timely answer and put forth various affirmative defenses. Cincinnati and Continental did not demand enforcement of the arbitration clauses.
 {¶ 6} Discovery revealed the contents of the insurance policies at issue in this matter, and the language of the policies was identical to that contained in the Scott-Pontzer
policy.
 {¶ 7} Appellee moved for summary judgment against each appellant. Cincinnati and Continental each opposed appellee's motions for summary judgment and also filed individual cross-motions for summary judgment, which appellee opposed.
 {¶ 8} The trial court issued its judgment entry, dated February 10, 2003. The trial court found, pursuant toScott-Pontzer, that decedent was an insured under both the Cincinnati policy and the Continental policy. The trial court also determined that, pursuant to Scott-Pontzer, a fifteen-year statute of limitations was in effect with respect to appellee's claims against Cincinnati and Continental and that appellee complied with the notice provisions of each policy "to the extent possible." The trial court determined that the arbitration language was controlling and these matters should be submitted to arbitration for a determination of any damages that are due and payable.
 {¶ 9} The trial court then noted that there existed no genuine issues of material fact, and after construing the evidence most strongly in favor of Cincinnati and Continental, reasonable minds could only come to one conclusion. The trial court denied Cincinnati and Continental's motions for summary judgment and granted summary judgment to appellee against Cincinnati and Continental.
 {¶ 10} From this judgment entry, Cincinnati and Continental each individually appeal, raising the following substantially identical assignments of error:
 {¶ 11} "[1.] The trial court erred in denying [Cincinnati's/Continental's] motion for summary judgment and erred in granting summary [judgment] in favor of appellee.
 {¶ 12} "[2.] The trial court erred in granting the estate's request to [enforce] the policy's arbitration provision."
 {¶ 13} Before addressing the merits of appellants' assignments of error, we will lay out the appropriate standard of review. An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389;Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-12; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
 {¶ 14} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turnerv. Turner, 67 Ohio St.3d 337, 340, 1993-Ohio-176, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 15} A party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107. Accordingly, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. If the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the reciprocal burden to respond, by affidavit or as otherwise provided in the rule, so as to demonstrate that there is a genuine issue of fact. Id. However, if the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. Id.
 {¶ 16} Under appellants' first assignments of error, Cincinnati and Continental argue that the trial court erred by denying their respective motions for summary judgment and by granting summary judgment against each of them and in favor of plaintiff. We agree.
 {¶ 17} We note that appellee brought this matter pursuant to a Scott-Pontzer theory of liability. The Scott-Pontzer
decision was valid at the time the trial court issued its judgment entry; however, that case has since been overruled byGalatis.
 {¶ 18} Galatis dramatically departed from Scott-Pontzer.
Under Galatis, absent contractual language otherwise, UM/UIM coverage extends only to an employee in the scope of employment and not to employees outside the scope of employment or to families of employees. Id. at syllabus. In the case sub judice, the language of the Cincinnati and Continental policies are identical to that in Scott-Pontzer. Appellee's claims for coverage may have succeeded under Scott-Pontzer, but we must apply current law and examine this matter under the logic ofGalatis.
 {¶ 19} According to the logic of Galatis, it is apparent that Cincinnati and Continental were entitled to judgment as a matter of law. In Galatis, the Supreme Court of Ohio held that UM/UIM coverage does not extend to cover family members of insured employees or an insured employee acting outside the scope of employment. Id. at syllabus.
 {¶ 20} In the instant case, Cincinnati insured Dollar Bank, who employed appellee, wife of decedent, and Continental insured decedent's alleged employer. Under Galatis, decedent was clearly not an insured under Cincinnati's policy. Likewise, decedent was also not an insured under Continental's policy because the record reveals he was acting outside the scope of employment at the time of the accident. Therefore, there existed no genuine issues of material fact, and appellants are entitled to judgment as a matter of law. Appellants' first assignment of error is well-taken.
 {¶ 21} Under appellants' second assignments of error, appellants assert the trial court erred by enforcing the arbitration provisions in the respective policies. Specifically, appellants' each argue that appellee effectively waived her right to arbitration by filing her complaints because each complaint contained a prayer for damages and simultaneously requested enforcement of the relevant arbitration provision. Our review of the relevant facts and law reveals that appellee waived her right to arbitrate.
 {¶ 22} It is well-established that the right to arbitration can be waived. See, e.g., Griffith v. Linton (1998),130 Ohio App.3d 746, 751; Siam Feather Forest Products Co., Inc. v.Midwest Feather Co., Inc. (S.D. Ohio 1980), 503 F. Supp. 239,242. "A party can waive his right to arbitrate under an arbitration clause by filing a complaint." Glenmoore Builders,Inc. v. Kennedy, 11th Dist. No. 2001-P-0007, 2001-Ohio-8777, 2001 Ohio App. LEXIS 5449, at 9, citing Rock, Inc. v. MerrillLynch, Pierce, Fenner Smith, Inc. (1992), 79 Ohio App.3d 126,128. "`When the defendant [files] its answer in that suit without demanding arbitration, it, in effect, [agrees] to the waiver.'"Hoffman v. Davidson (Mar. 11, 1988), 11th Dist. No. 3909, 1988 Ohio App. LEXIS 773, at 5, quoting Mills v. Jaguar-ClevelandMotors, Inc., (1980), 69 Ohio App.2d 111, 113.
 {¶ 23} To prove waiver, the opposing party merely needs to show: (1) that the party waiving the right knew of the existing right of arbitration and (2) that the party acted inconsistently with that right. See, e.g., Glenmoore Builders at 10, citingACRS, Inc. v. Blue Cross Blue Shield of Minnesota (1998),131 Ohio App.3d 450, 456.
 {¶ 24} "[A]ctive participation in a lawsuit * * * evidencing an acquiescence to proceeding in a judicial rather than arbitration forum has been found to support a finding of waiver." (Citations omitted.) Griffith at 752. "A motion for summary judgment, while not a trial, is a procedural equivalent of a trial: it is a procedural device designed to terminate litigation and to avoid a formal trial where no issues exist for a trial." Id., citing Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2.
 {¶ 25} "Filing a motion for summary judgment is inconsistent with the right to arbitrate because it places the dispute squarely before the court for resolution on the merits and demonstrates an election to proceed with litigation as opposed to arbitration. As a result, many courts hold that filing a motion for summary judgment constitutes waiver of the right to arbitrate." Griffith at 753. See, also, Natl. Found. forCancer Research v. A.G. Edwards Sons Chauffeurs, Inc.
(C.A.D.C. 1987), 821 F.2d 772, 775-776; Jones Motor Co., Inc. v.Chauffeurs Teamsters Helpers Local Union (C.A. 1, 1982),671 F.2d 38, 44; Sweater Bee By Banff, Ltd. v. Manhattan Industries,Inc. (C.A. 2, 1985), 754 F.2d 457, 465; St. Mary's MedicalCenter v. Disco Alum. Products (C.A. 8, 1992), 969 F.2d 585, 589;Capital Mortgage Corp. v. Coopers Lybrand Products
(Mich.App. 1985), 142 Mich. App. 531, 536.
 {¶ 26} In this matter, appellee's various complaints are conflicting. In her original, first amended, and second amended complaints, she demanded a jury and requested the trial court award her damages. Despite this, she also briefly asked the court to require the parties to submit to arbitration. The complaints request the trial court to, in relevant part:
 {¶ 27} "E. Award damages to the full extent of the policy limits;
 {¶ 28} * * *
 {¶ 29} "G. Require that the parties submit to binding non-capped arbitration * * *."
 {¶ 30} It is clear from this that appellee knew about the right to arbitrate because she requested enforcement of the relevant arbitration clauses. Appellee also subsequently moved for summary judgment against both appellants and, in doing so, again requested enforcement of the relevant arbitration clauses.
 {¶ 31} The circumstances as a whole demonstrate that appellee acted inconsistently with the right to arbitrate. In her complaint, appellee demanded a jury while requesting the trial court award her damages and require the parties to submit to arbitration. This complaint is especially problematic in light of appellee's motion for summary judgment against Cincinnati and Continental. Thus, our review of the record and the law reveals that appellee effectively waived any right to arbitrate this matter by acting inconsistently with the right to arbitrate and acquiescing to a judicial proceeding. Cincinnati and Continental each accepted this waiver by failing to seek their own enforcement of the arbitration clause.
 {¶ 32} Further, the plain terms of Cincinnati's arbitration provision provide that "disputes concerning coverage under this endorsement may not be arbitrated." In the instant dispute, appellee requested a declaratory judgment in her favor as to coverage. Cincinnati denied there was coverage in its answer. Thus, the question of coverage available to appellee under the UM/UIM provision falls outside the specific language of the Cincinnati policy. Such a coverage question may not be enforced by arbitration.
 {¶ 33} In conclusion, the circumstances as a whole demonstrate that appellee effectively waived any right to arbitrate this matter. Moreover, according to the terms of Cincinnati's arbitration provision, appellee was not permitted to arbitrate her dispute with Cincinnati. Accordingly, appellants' second assignments of error are well-taken.
 {¶ 34} Based on the foregoing analysis, appellants' first and second assignments or error are with merit. The judgment of the trial court is hereby reversed and the matter is remanded for further proceedings consistent with this opinion.
Grendell, J., Rice, J., concur.
[1] As will be discussed later, Scott-Pontzer has since been overruled by Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. Galatis dramatically departed fromScott-Pontzer.