[Cite as *Naylor Family Partnership v. Home S. & L. Co. of Youngstown*, 2014-Ohio-2704.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| NAYLOR FAMILY PARTNERSHIP, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-096** |
| THE HOME SAVINGS AND LOAN COMPANY OF YOUNGSTOWN, OHIO, et al., | : | |
| | : | |
| Defendants, | : | |
| STEVEN CALABRESE, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 12 CV 001993.

Judgment: Affirmed.

*David B. Hochman*, *Thomas A. Barni*, and *Benjamin D. Carnahan*, Dinn, Hochman & Potter, L.L.C., 5910 Landerbrook Drive, Suite 200, Cleveland, OH 44124 (For Plaintiff-Appellee).

*Charles V. Longo* and *Matthew D. Greenwell*, Charles V. Longo Co., L.P.A., 25550 Chagrin Boulevard, Suite 320, Beachwood, OH 44122 (For Defendants-Appellants).

TIMOTHY P. CANNON, P.J.

{¶1} Appellants, Steven Calabrese, CCAG Limited Partnership, and RC Enterprise II, appeal the judgment of the Lake County Court of Common Pleas. At issue is whether appellants are entitled to enforce a claimed contractual right to

arbitration. For the following reasons, we affirm the judgment of the trial court that appellants are not entitled to enforce the arbitration provision at issue.

{¶2} On July 23, 2012, appellee, Naylor Family Partnership ("Naylor"), filed a complaint against seven defendants, to wit: The Home Savings and Loan Company of Youngstown ("Home Savings"); Richard M. Osborne; Richard M. Osborne Trust ("Osborne Trust"); Steven Calabrese; CCAG Limited Partnership ("CCAG"); RC Enterprise, II ("RC"); and Madison/Route 20, LLC. Before any answers were filed, Home Savings filed a motion to dismiss on August 28, 2012. Naylor filed an opposition to Home Savings' motion. On September 9, 2012, appellants, through their joint counsel, filed an answer. On October 5, 2012, Mr. Osborne and Osborne Trust filed their answer. Finally, Madison/Route 20, LLC filed its answer on November 30, 2012.

{¶3} A case management conference was held on March 11, 2013. At that conference, the parties discussed their plans for discovery. It was agreed that coordinated responses to discovery were due from the defendants, with the exception of Home Savings, on May 15, 2013. After multiple extensions of time, only Madison/Route 20, LLC made a limited response to the discovery request.

{¶4} On June 7, 2013, appellants filed a motion to stay the proceedings pending arbitration. Madison/Route 20, LLC also joined this motion, but it has not appealed the trial court's decision. The remaining defendants did not request arbitration and are not participating in this appeal. On June 21, 2013, Naylor filed an opposition to appellants' motion to stay the proceedings. In an opinion and judgment entry filed September 30, 2013, the trial court denied appellants' motion to stay the proceedings

pending arbitration, finding that appellants had waived their right to arbitration. This decision is the subject of appellants' appeal.

{¶5} The underlying dispute behind Naylor's nine-count complaint arose out of a complex real estate development project. However, only a simple overview of the facts is necessary for the resolution of this appeal.

{¶6} In 2001, Naylor, Osborne Trust, CCAG, and RC formed a limited liability company: Midway Industrial Campus Co., Ltd. ("Midway"). The operating agreement for Midway outlined its governance. One-third of Midway is owned by Naylor, one-third by Osborne Trust, and the remaining one-third by CCAG and RC. Each member contributed cash and real property to the company.

{¶7} Midway's sole asset was approximately 180 acres of property located on the border of the cities of Willoughby and Mentor, Ohio. The Midway partners intended to develop the property. However, on December 15, 2004, the property became subject to a U.S. Army Corps of Engineers "Cease and Desist" order prohibiting any further development of the property due to the "willful violation of Federal law" with regard to the impact on wetlands located on the Midway property. The property is still undeveloped and is entangled in multiple legal battles both here and in federal district court.

{¶8} Despite the cease and desist order issued by the U.S. Army Corps of Engineers, the complaint alleges Midway obtained a loan from Home Savings in the amount of $4.2 million in June 2006, secured by the Midway property. The mortgage contains language indicating that "[m]ortgagor hereby represents and warrants to lender that * * * the mortgaged property is not currently in violation of any * * * wetland laws."

3

The complaint further alleges that another loan was subsequently issued to Madison/Route 20, LLC in the amount of $2.3 million; this loan also pledged the Midway property as collateral.

{¶9} Naylor made a request to the other members for an accounting of Midway, based on its belief that the loans were not in Midway's business interests. When these requests were ignored, Naylor filed the complaint at hand.

{¶10} Appellants now timely appeal the trial court's judgment and raise a single assignment of error:

{¶11} "The Trial Court erred in denying the Motion to Stay this matter pending arbitration."

{¶12} We have held that a ruling on a motion to stay proceedings pending arbitration is a final, appealable order pursuant to R.C. 2711.02. *River Oaks Homes, Inc. v. Krann*, 11th Dist. Lake No. 2008-L-166, 2009-Ohio-5208, ¶39. Here, appellants moved for an order to stay proceedings pending arbitration, which was denied. That order, therefore, falls within the purview of R.C. 2711.02, and the judgment is a final, appealable order properly before this court.

{¶13} Under their assignment of error, appellants argue they did not waive their right to arbitration by failing to raise the issue earlier in the proceedings. Generally, the standard of review for a decision granting or denying a motion to stay proceedings pending arbitration is abuse of discretion. *Id.* at ¶41. For example, this court reviews a trial court's decision as to whether a party waived arbitration for an abuse of discretion. However, a de novo standard of review is used when a trial court's grant or denial of a stay is based solely upon questions of law. *Buyer v. Long*, 6th Dist. Fulton No. F-05-

4

012, 2006-Ohio-472, ¶6. Therefore, this court reviews de novo a trial court's legal conclusion as to whether a party is contractually bound by an arbitration clause.

{¶14} In the case at hand, there is no apparent dispute over issues of law. Therefore, our review is focused on whether the trial court abused its discretion in denying the request for arbitration. An abuse of discretion standard of review is most appropriate in cases such as this, because it is apparent the trial court had active involvement and discussions with the parties concerning case management, discovery, and scheduling that are not part of our record.

{¶15} We first address whether each of the three appellants have a right to assert arbitration. Appellants CCAG and RC are two of the four members of Midway. Midway's operating agreement contains the following arbitration clause:

> Any dispute arising out of, relating to this Agreement, a breach hereof, or the operation of the business of the Company shall be settled by arbitration in Cleveland, Ohio, in accordance with the rules of the American Arbitration Association then existing, provided the discovery as provided for under the Ohio Rules of Civil Procedure shall be available to all parties to the arbitration. This agreement to arbitrate shall be specifically enforceable and the arbitration award shall be final and judgment may be entered upon it in any court having jurisdiction over the subject matter of the dispute.

{¶16} The dispute at issue clearly falls within this arbitration clause and therefore governs the instant dispute as between Naylor, CCAG, and RC. Mr. Calabrese, as an individual, is not privy to the Midway operating agreement and thus cannot rely on the Midway operating agreement to compel arbitration. However, even if Mr. Calabrese could assert an individual right to compel arbitration, he waived any such right, as discussed below.

5

{¶17} We next determine whether the trial court abused its discretion in finding that appellants waived their right to arbitration. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary*, 11 (8th Ed.2004).

{¶18} With respect to waiving one's right to arbitration, this court has stated:

> It is well-established that the right to arbitration can be waived. 'A party can waive his right to arbitrate under an arbitration clause by filing a complaint.' *Glenmoore Builders, Inc. v. Kennedy*, 11th Dist. No. 2001-P-0007, 2001-Ohio-8777, 2001 Ohio App. LEXIS 5449, at *9, citing *Rock, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, (1992), 79 Ohio App.3d 126, 128, 606 N.E.2d 1054.
>
> To prove waiver, the opposing party merely needs to show: (1) that the party waiving the right knew of the existing right of arbitration and (2) that the party acted inconsistently with that right.
>
> 'Active participation in a lawsuit [and failure to request arbitration in a timely manner,] evidencing an acquiescence to proceeding in a judicial rather than arbitration forum has been found to support a finding of waiver.' (Citations omitted.) *Griffith* [*v. Linton*, 130 Ohio App.3d 746, 752 (1998)].

*Hogan v. Cincinnati Fin. Corp.*, 11th Dist. Trumbull No. 2003-T-0034, 2004-Ohio-3331, ¶22-24 (citations omitted).

{¶19} We applied this standard in *EMCC Invest. Ventures, LLC v. Rowe*, 11th Dist. Portage No. 2011-P-0053, 2012-Ohio-4462. In *Rowe*, this court found the appellees waived their right to arbitration because the parties engaged in discovery, filed motions, and engaged in mediation before asserting any right to arbitration. *Id*. at ¶49. We also considered the fact that nearly 28 months had passed from the filing of the complaint and the filing of the appellees' motion to compel arbitration. *Id*. In that decision, we futher considered the prejudice suffered by the appellant who expended

6

considerable resources by filing numerous pleadings in the trial court. *Id.* at ¶51. This court also reasoned that the appellees should not be permitted to engage in litigation and then decide, unilaterally, that arbitration was their best option. *Id.* at ¶55.

{¶20} This court again applied the standard from *Cincinnati Fin. Corp.* in *Liberty Credit Serv. Assignee v. Yonker*, 11th Dist. Portage 2012-P-0096, 2013-Ohio-3976. In *Yonker*, the plaintiff filed an action in the municipal court. The defendant then removed the case to the common pleas court. The plaintiff sought removal to federal court. *Id.* at ¶4. It was not until after the defendant had the case remanded from federal court and the parties had engaged in discovery that the plaintiff attempted to compel arbitration. *Id.* at ¶28. This court found the reasoning employed in *Rowe* applicable and held that any right to arbitration had been waived. *Id.*

{¶21} In this case, the factors suggesting that appellants waived their right to arbitration are not as strong as those in either *Rowe* or *Yonker*. Nevertheless, the trial court's opinion and judgment entry finding that appellants waived their right to compel arbitration is supported by evidence on the record.

{¶22} First, the trial court considered several factors in concluding that appellants waived their right to arbitration. The trial court applied the factors set out by this court in *Rowe*:

> [T]he time elapsed from the commencement of litigation to the request for arbitration; (2) the amount of litigation, including any exchanges of pleadings, substantive motions, and discovery; and (3) proof of actual prejudice, including taking advantage of pretrial discovery not available in arbitration, meritorious motions against one's adversary, and undue delay.

*Rowe*, *supra*, ¶47, citing *Danny's Constr. Co. v. Birdair, Inc.*, 136 F.Supp.2d 134, 143 (W.D.N.Y.2000).

7

{¶23} The trial court considered the fact that appellants did not raise the right to arbitration in their answer, but instead waited nearly 11 months to file a motion to stay the proceedings pending arbitration. Appellants do not argue they were unaware of the arbitration clause at the commencement of litigation. Rather, appellants signed the operating agreement, which contained the arbitration clause; thus, appellants were aware, or should have been aware, of the arbitration provision. While 11 months is shorter than the amount of time in either *Rowe* or *Yonker*, it is not insignificant. Appellants had ample time to raise their right to arbitration.

{¶24} The trial court also considered the fact that appellants attended a case management conference where they agreed to provide a coordinated response to Naylor's discovery requests. Sometime after the case management conference, appellants decided they would rather proceed with arbitration. However, this decision was not made until nearly three months after agreeing to cooperate and provide discovery. These months of inaction caused delay and forced Naylor to expend additional resources. The trial court found that Naylor was prejudiced by appellants' delay tactics; indeed, 11 months had already passed, and the parties were still at the early stages of discovery. The trial court found that appellants' excessive delay tactics outweighed the fact that they never submitted any discovery materials to Naylor.

{¶25} Finally, one of the primary reasons arbitration is favored is to promote the expeditious and economical resolution of litigation and disputes. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, ¶26. However, at least two of the parties to the agreement at hand are not requesting arbitration. Further, additional parties to the litigation are not parties to the arbitration agreement. Requiring arbitration

8

could clearly result in forcing duplicitous and potentially incompatible litigation, frustrating the theory favoring arbitration. This factor may also have influenced the trial court's exercise of its discretion in finding that it should find a waiver occurred.

{¶26} Based on the totality of the circumstances, we cannot say that the trial court's decision reflected a failure to exercise sound, reasonable, and legal decision-making. We therefore hold that the trial court did not abuse its discretion.

{¶27} Appellants' assignment of error is without merit.

{¶28} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.