[Cite as *Paradie v. Turning Point Builders, Inc.*, 2021-Ohio-2178.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| TERRANCE PARADIE,<br><br>Plaintiff-Appellee,<br><br>- v -<br><br>TURNING POINT BUILDERS, INC.,<br>et al.,<br><br>Defendants-Appellants. | CASE NO. 2020-L-046<br><br>Civil Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2019 CV 001868 |

## O P I N I O N

Decided: June 28, 2021
Judgment: Reversed and remanded

*Rochelle M. Hellier*, Axelrod Law Office, 7976 Tyler Boulevard, Mentor, OH 44060 (For Plaintiff-Appellee).

*Patrick D. Quinn* and *Ronald A. Annotico*, Quinn Legal Associates, Inc., 2802 Som Center Road, Suite 102, Willoughby Hills, OH 44094 (Defendants-Appellants).

MATT LYNCH, J.

{¶1} Defendants-appellants, Turning Point Builders, Inc., Turning Point Insurance Restoration, and Ryan Brown, appeal from the judgment of the Lake County Court of Common Pleas, denying their motion to stay proceedings pending arbitration. For the following reasons, we reverse the decision of the lower court and remand for further proceedings consistent with this opinion.

{¶2} On November 15, 2019, plaintiff-appellee, Terrance Paradie, filed a Complaint against appellants. The Complaint raised claims for Breach of Contract, Bad

Faith, Conversion, Fraud, and Unjust Enrichment. The claims related to a dispute over a contract for the appellants to build Paradie a home.

{¶3} On January 2, 2020, appellants filed a Joint Motion for Leave to File Answer and Counterclaims, which was granted. Appellants filed their Joint Answer on January 21, 2020. As an affirmative defense, they alleged that the claims were "subject to a contractually agreed upon binding arbitration clause." On the same date, appellants filed a motion to stay the case pending arbitration, which was subsequently stricken from the record as "unsigned and not in compliance with Civ.R. 11." Paradie filed a motion in opposition on January 27, 2020, contending that the provision for arbitration did not apply since appellants' actions were fraudulent and they were withholding a refund for money owed despite not performing under the contract. The arbitration clause, contained in the parties' "Contract to Purchase" provides: "Any dispute, claim, or controversy arising from this agreement will be settled by a third party arbitrator in accordance with the Rules and Procedures of the Federal Arbitration Act. The decision of the arbitration will be binding on both parties. No arbitration arising out of or relating to the work shall include, by consolidation or join[d]er, any additional persons not party to this contract unless by written consent of both parties."

{¶4} On February 18, 2020, appellants filed counterclaims against Paradie. In a February 21, 2020 Judgment Entry, the court found that the counterclaims should be stricken from the record as they were filed over a month past the time granted for leave to file the answer and counterclaims.

{¶5} Also on February 18, appellants filed a second motion to stay case. They alleged that the matter should be stayed pending arbitration since there was a mandatory

2

arbitration clause in the parties' contract.

{¶6} On March 2, 2020, appellants filed a motion requesting leave to file counterclaims instanter, asserting that since Paradie had objected and opposed the motion to stay, they needed to "prepare for the possibility that the arbitration provision may not be enforced or that the case will not be stayed." Attached were counterclaims for Promissory Estoppel, Unjust Enrichment, Breach of Contract, and Fraud.

{¶7} The court issued a Judgment Entry on March 5, 2020, denying the motion to stay. It found, "without reviewing the issue of whether fraud in the inducement precludes arbitration in this case," appellants had waived their right to have the matter submitted to arbitration. This finding was based on the fact that they filed an answer and counterclaims and sought leave to do so, as well as sought extra time for discovery due to the counterclaims, which the court found demonstrated recognition of its authority to determine the outcome.

{¶8} Appellants timely appeal and raise the following assignment of error:

{¶9} "The Trial Court abused its discretion and otherwise committed prejudicial error when it denied Appellants' Motion to Stay the Case Pending Arbitration."

{¶10} "Generally, the standard of review for a decision granting or denying a motion to stay proceedings pending arbitration is abuse of discretion," including the issue of waiver of arbitration. *Naylor Family Partnership v. Home S. & L. Co. of Youngstown*, 11th Dist. Lake No. 2013-L-096, 2014-Ohio-2704, ¶ 13. "However, a de novo standard of review is used when a trial court's grant or denial of a stay is based solely upon questions of law." *Id.*

{¶11} Appellants raise several issues, both procedural and substantive, relating

3

to the finding of waiver. We will initially address whether, under the facts of this case, the record supported the determination that appellants waived their right to arbitrate.

{¶12} "Ohio public policy favors arbitration and, therefore, such provisions are ordinarily considered valid and enforceable." *Alkenbrack v. Green Tree Servicing, L.L.C.*, 11th Dist. Geauga No. 2009-G-2889, 2009-Ohio-6512, ¶ 14. "As a result, a court must indulge a strong presumption in favor of arbitration and resolve any doubts in favor of arbitrability." *Wascovich v. Personacare of Ohio, Inc.*, 190 Ohio App.3d 619, 2010-Ohio-4563, 943 N.E.2d 1030, ¶ 24 (11th Dist.).

{¶13} However, "[i]t is well-established that the right to arbitration can be waived." *Naylor,* 2014-Ohio-2704, at ¶ 18, citing *Hogan v. Cincinnati Fin. Corp.,* 11th Dist. Trumbull No. 2003-T-0034, 2004-Ohio-3331, ¶ 22. To prove waiver, the opposing party is required to demonstrate "(1) that the party waiving the right knew of the existing right of arbitration and (2) that the party acted inconsistently with that right." *Id.*, citing *Hogan* at ¶ 23. It has been held waiver should not be "lightly inferred." *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 415, 701 N.E.2d 1040 (3d Dist.1997).

{¶14} In determining whether a party acted inconsistently with the right to arbitrate, this court has applied the totality of the circumstances test set forth in *Harsco.* *Alkenbrack* at ¶ 26; *Glenmoore Builders, Inc. v. Kennedy*, 11th Dist. Portage No. 2001-P-0007, 2001 WL 1561742, *4 (Dec. 7, 2001). "Such circumstances that *may* be considered by the trial court to determine whether a party acted inconsistently with his right to arbitrate include: (1) any delay in the requesting party's demand to arbitrate by filing a motion to stay the proceedings pending arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the proceeding,

4

including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings pending arbitration; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts." *Glenmoore* at *4, citing *Harsco* at 414; *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. Franklin No. 10AP-353, et al., 2011-Ohio-80, ¶ 21.

{¶15} In considering the totality of the circumstances, we note that this court held the trial court abused its discretion in finding waiver under a strikingly similar set of facts in *Glenmoore*. In *Glenmoore*, the appellant filed an answer to the complaint, in which he asserted the complaint should be dismissed pursuant to the binding arbitration clause. On the same day, appellant also filed a motion to stay the proceedings pending arbitration. Appellant filed a counterclaim and cross-claims, making a demand for a jury trial. *Id.* at *4. This court found that appellant did not act inconsistently with his right to arbitrate. *Id.* In reaching this holding, we emphasized that there was no delay between filing the answer and the motion to stay, filed on the same date. Appellant did not take part in any pre-litigation discovery or motion practice prior to filing the motion to stay. Although a counterclaim was filed, it was filed on the same day as the motion to stay and this court noted that counterclaims must be timely asserted, providing a justifiable basis for the filing of the counterclaim although appellant intended to pursue arbitration. Thus, there was no prejudice to the plaintiff. Under the totality of the circumstances, waiver did not apply. *Id.*

{¶16} In the present matter, appellants also filed their initial motion to stay pending

5

arbitration on the same day as the answer, which set forth the affirmative defense of the arbitration clause. While the court found this motion procedurally deficient, it was refiled less than a month later. Appellants did not file other motions or otherwise appear to participate in any discovery either before the filing of the initial motion or the refiled motion. The status conference held on February 18, which resulted in an order setting deadlines for discovery and dispositive motions, was held on the same date the motion to stay was refiled. While appellants did file counterclaims, which were stricken by the trial court as untimely, they were initially filed the same date as the refiled motion to stay pending arbitration. A subsequent attempt to refile the counterclaims included a statement by appellants that the counterclaims were being pursued in the instance that arbitration was denied. We fail to see any prejudice to Paradie as he was essentially immediately on notice that appellants intended to pursue arbitration and he filed no dispositive motions such as a motion for summary judgment and no depositions or other significant discovery appear to have been completed. *See Fries v. Greg G. Wright & Sons, LLC*, 2018-Ohio-3785, 120 N.E.3d 426, ¶ 33 (1st Dist.). Consistent with *Glenmoore*, we hold that appellants did not act inconsistently with their right to arbitrate. *See Milling Away, L.L.C. v. Infinity Retail Environments, Inc.*, 9th Dist. Summit No. 24168, 2008-Ohio-4691, ¶ 12-14 (where the defendant filed a counterclaim but also filed the motion to stay prior to a trial date being set and only minimal discovery had been conducted, thereby failing to cause delay or prejudice, the lower court did not err in finding that the "heavy burden" to establish waiver had not been overcome).

{¶17} Paradie argues that a finding of waiver was proper because appellants sought to pursue arbitration and litigation simultaneously, emphasizing the filing of the

6

counterclaims. Similarly, the trial court based its ruling primarily on the conclusion that the appellants had demonstrated their recognition of the court's authority to determine the suit by submitting an answer and counterclaims. To fully evaluate the circumstances, this factor should be viewed in conjunction with the totality of the circumstances. *See Milling Away* at ¶ 12 (while the filing of a counterclaim creates a presumption of waiver, "[t]o determine whether a party has actually waived its right to arbitrate, this Court also must look to other factors such as when the invocation of the arbitration clause occurred"). As discussed above, in *Glenmoore* this court found that the filing of a counterclaim alone, when considered with other facts, does not warrant a finding of waiver. 2001 WL 1561742 at *4. While the trial court also took issue with appellants arguing at the case management conference that additional time would be needed for discovery on the counterclaims, we again emphasize that the appellants consistently and swiftly raised their argument that the matter should be referred to arbitration. The motion to stay pending arbitration was ruled upon within less than two months after the deadline for appellants' answer. It is not the case that extensive discovery was conducted or any delay was caused by appellants' actions, which consistently demonstrated they wanted to exercise arbitration, even when filing the counterclaims as they noted a desire to preserve them in case the request to stay was denied. *See id.* (noting that counterclaims must be timely asserted). That appellants may have been preparing an alternate plan if the stay was not granted does not, alone, mean they waived the right to arbitrate.

{¶18} Further, Paradie's citation to this court's decision in *Hogan v. Cincinnati Fin. Corp., supra*, to support his contention that the filing of counterclaims constituted waiver is also unavailing as *Hogan* is distinguishable. In *Hogan*, the party found to have waived

7

arbitration was the plaintiff, who chose to file a lawsuit rather than seek arbitration initially. Significantly, while this court noted the inconsistency of filing a complaint requesting damages and arbitration, we emphasized that the complaint was "especially problematic in light of [plaintiff's] motion for summary judgment." 2004-Ohio-3331, at ¶ 31. Unlike in the present matter, no separate motion to stay was filed and both parties went through the time and expense of preparing summary judgment filings before the issue of arbitration was addressed by the court. In *Hogan*, this court specifically noted that the filing of a motion for summary judgment supports a finding that arbitration was waived. *Id.* at ¶ 25. In the present matter, the issue of arbitration was brought up immediately and handled relatively expeditiously, evidencing an intent to arbitrate and a lack of prejudice.

{¶19} Paradie also cites *Discover Bank v. Bennington*, 2018-Ohio-3246, 118 N.E.3d 283 (11th Dist.), in which waiver was not found, presumably to demonstrate its inapplicability to the present case. We do not find *Discover Bank* to be relevant in the present matter as it ultimately dealt with the issue of whether a defendant may obtain a stay of proceedings pending arbitration without having initiated arbitration proceedings, a question answered in the affirmative but not directly relevant here. *Id.* at ¶ 21. The lower court did not find that arbitration was waived because arbitration proceedings had not been initiated, nor do we reverse its finding on that ground.

{¶20} As to the other Eleventh District cases cited by Paradie, we find each of these to have various distinguishing factors which led to an outcome wherein a finding of waiver was proper. Like *Hogan*, *GMS Mgt. Co., Inc. v. Coultier*, 11th Dist. Lake No. 2005-L-071, 2006-Ohio-1263, involved a plaintiff bringing a complaint which necessitates the defendant responding and further proceedings to be conducted, which more directly

submits the party to the authority of the court and results in prejudice to the defendant.

{¶21} *EMCC Invest. Ventures, LLC v. Rowe,* 11th Dist. Portage No. 2011-P-0053, 2012-Ohio-4462, involved entirely different circumstances where the parties engaged in both discovery and mediation, filed motions including one for summary judgment, and 28 months passed from the filing of the complaint until the motion to arbitrate. *Id.* at ¶ 49-56. Similarly, in *Naylor*, the defendant requested arbitration 11 months after the complaint had been filed, and three months after the parties had agreed to conduct discovery, thereby causing delay and prejudice. 2014-Ohio-2704 at ¶ 24. Finally, *Garvin v. Independence Place Condominium Assn.*, 11th Dist. Lake No. 2001-L-055, 2002 WL 479992 (Mar. 29, 2002) and *Marks v. Swartz*, 174 Ohio App.3d 450, 2007-Ohio-6009, 882 N.E.2d 924 (11th Dist.) involved defendants who either failed to plead arbitration in the answer or file a motion to stay pending arbitration, neither of which were the case here.

{¶22} Since we hold that the court erred in determining appellants waived the right to seek a stay pending arbitration, appellants' arguments regarding whether the court properly raised this issue sua sponte and whether they should have been permitted to brief the issue are moot.

{¶23} We next consider whether, since waiver was not proper grounds to deny arbitration, the proceedings should otherwise be stayed pending arbitration. Appellants assert that we should order the trial court to stay proceedings pending arbitration, although they present no argument regarding the applicability or validity of the arbitration clause. Paradie, on the other hand, asserts that, regardless of waiver, the arbitration clause is not enforceable.

9

{¶24} Paradie contends that the arbitration clause is unenforceable due to its unconscionability. However, this argument was not raised below in Paradie's motion in opposition to the stay. Paradie asserted below only that the motion should be denied due to defendants' actions being fraudulent, withholding a refund for money owed despite not performing.

{¶25} It has been held that, where the plaintiff objected to the motion to compel arbitration on multiple grounds of unenforceability, including fraud, but did not argue that the arbitration clause was unconscionable, and the court made no factual findings on this issue, the appellate court "will not consider whether the arbitration provision was unconscionable for the first time on appeal." *Paulozzi v. Parkview Custom Homes*, *L.L.C.*, 2018-Ohio-4425, 122 N.E.3d 643, ¶ 14, fn. 2 (8th Dist.). The same circumstances are present here.

{¶26} A conclusion that consideration of this issue on appeal is precluded is buttressed by the fact that it is impossible to properly and fairly consider unconscionability based on the record before this court. To find procedural unconscionability required to invalidate an arbitration clause, courts consider "the relative bargaining positions of the parties, whether the terms of the provision were explained to the weaker party, and whether the party claiming that the provision is unconscionable was represented by counsel at the time the contract was executed." (Citation omitted.) *Jamison v. LDA Builders, Inc.*, 11th Dist. Portage No. 2011-P-0072, 2013-Ohio-2037, ¶ 55 ("[p]rocedural unconscionability is * * * a fact-sensitive question that looks at the surrounding circumstances of each individual case"). Factors relating to the relative bargaining position include education, age, intelligence, business acumen of the parties, the drafter

10

of the contract, whether alterations in printed terms were possible, and whether alternative sources to supply the goods are available. *Id.*

{¶27} In an attempt to demonstrate procedural unconscionability, Paradie sets forth various facts relating to whether the parties discussed the arbitration clause, availability of alternative sources for building the home, and whether the parties had been represented by counsel. These are not facts that are present in the limited record before this court. We do not know the experience or business acumen of Paradie, nor the circumstances surrounding the execution of the agreement and whether the arbitration provision was discussed. We cannot consider factual statements made by Paradie in his appellee's brief that are unsupported by the record. It has been held that, particularly in relation to the fact-sensitive nature of unconscionability determinations, where there was insufficient evidence in the record to evaluate the procedural unconscionability factors, the appellate court cannot conduct a proper de novo review as to unconscionability. *Reynolds v. Crockett Homes, Inc.*, 7th Dist. Columbiana No. 08 CO 8, 2009-Ohio-1020, ¶ 18-20; *see also Jamison* at ¶ 55. Thus, even if this issue were properly before us and not waived, we are not in a position to make a finding that the agreement was unconscionable such that arbitration should be denied. For these reasons, we decline to consider unconscionability as a ground to affirm denial of the motion to stay arbitration.

{¶28} Finally, Paradie contends that the arbitration clause is unenforceable as the contract and arbitration clause were fraudulently induced and appellants did not intend to be bound by the terms of the contract or allow for cancellation of such contract. Within this discussion, he also argues that the dispute is not for an arbitrable issue since it does not relate to work performed under the contract.

11

{¶29} As to the issue of fraudulent inducement, for this to preclude arbitration, the law requires that the party must demonstrate the arbitration provision itself was fraudulently induced. *Smith v. Nationwide Mut. Ins. Co.*, 2018-Ohio-3758, 120 N.E.3d 72, ¶ 30 (10th Dist.). The lower court, in determining waiver applied, specifically declined to address the issue of whether fraud precluded application of the arbitration clause.

{¶30} While the issue of fraud, as well as, to a very limited extent, whether entitlement to a refund without work performed was subject to arbitration, was raised in the lower court, it is evident this issue was not developed in any manner. This argument was alleged in Paradie's brief reply to the motion to stay, affidavits or other evidence were not submitted in support of the argument, and no evidentiary hearing was conducted. We are left with a record devoid of evidence which would help us determine whether the arbitration clause was fraudulently induced.

{¶31} It has been held that an appellate court cannot determine the enforceability of an arbitration provision when there is a lack of a record to support such a holding. In the instance where a court fails to make factual findings to support a determination that the arbitration clause is invalid and "the circumstances surrounding the arbitration agreement have not been sufficiently developed," the matter has been remanded to conduct an evidentiary hearing or further proceedings on that issue. *Brownell v. Van Wyk*, 2d Dist. Montgomery No. 24042, 2010-Ohio-6338, ¶ 31; *Taylor-Winfield Corp. v. Winner Steel, Inc.*, 7th Dist. Mahoning No. 06-MA-176, 2007-Ohio-6623, ¶ 39 ("[s]ince the issue of whether [appellant's] claim was referable to arbitration was not fully developed in the proceedings below, this Court should not consider it for the first time on appeal").

{¶32} We acknowledge appellants' argument that, since Paradie failed to provide evidence in support of his claim that fraud precluded arbitrability, this court should find proceedings should be stayed pending arbitration. It is evident, as discussed above, that Paradie did not provide any evidence or case law in his reply to the motion to stay arbitration, and provided very little argumentation. However, it has been held that, where the trial court did not fully consider arguments when having denied a stay pending arbitration on other grounds, the proper outcome is to remand for further proceedings since the matter was not ripe for review, particularly where the determination was fact-dependent. In *U.S. Bank, N.A. v. Wilkens*, 8th Dist. Cuyahoga No. 93088, 2010-Ohio-262, the appellate court held that alternative arguments to affirm the trial court's denial of the motion to stay which attack the enforceability of the arbitration clause "are not yet ripe for review" where the court found the right to arbitrate was waived and the enforceability of the arbitration clause may require factual findings "more appropriate for the trial court." *Id.* at ¶ 45. *See also Murray v. David Moore Builders, Inc.*, 177 Ohio App.3d 62, 2008-Ohio-2960, 893 N.E.2d 897, ¶ 14 (9th Dist.) (finding a remand was required when the trial court "having denied the stay based on the scope of the provision, rather than the enforceability of the clause" had not ruled on the issue raised on appeal and "some of the arguments may require findings of fact").

{¶33} As such, we do not find alternate grounds to affirm the trial court's decision denying the motion to stay proceedings pending arbitration and thus reverse its judgment. Upon remand, the court should consider whether the arbitration clause is enforceable based upon the grounds raised by Paradie in the trial court.

{¶34} The sole assignment of error is with merit.

13

{¶35} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this opinion.  Costs to be taxed against appellee.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

Case No. 2020-L-046