OPINION
{¶ 1} Plaintiff-appellant Alison Lindsey appeals from an order of the Montgomery County Court of Common Pleas granting a motion to stay pending arbitration filed by defendant-appellees, Sinclair Broadcast Group, Inc., dba WKEF NBC-22, and Chuck Budt. Lindsey contends that the trial court abused its discretion by granting the motion. Her argument rests upon her claim that the arbitration clause in issue is unenforceable because it is unconscionable.
 {¶ 2} We conclude that Lindsey failed to support her claim of unconscionability, and that the trial court did not abuse its discretion in enforcing the arbitration provision and in staying the proceedings.
 {¶ 3} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 4} Sinclair Broadcast Group, Inc. is a corporation operating television broadcast station WKEF NBC-22 in Dayton. Chuck Budt is Sinclair's General Manager at WKEF NBC-22. For ease of reference, Sinclair and Budt will sometimes be referred to collectively as Sinclair.
 {¶ 5} Allison Lindsey began working with Sinclair as an account executive at WKEF NBC-22 in April of 1999. In March of 2000 she became Sinclair's local sales manager for WKEF NBC-22. On April 1, 2000, Sinclair and Lindsey executed a Non-Competition Agreement (the Agreement). The Agreement stated that in return for the execution of the Agreement, Lindsey would receive options to acquire two thousand shares of Sinclair stock. The Agreement also contained an arbitration provision, which provides in pertinent part:
 {¶ 6} "Except as specifically provided in Section 3, any dispute or controversy arising out of or relating to this Agreement, Employee's employment by Company or otherwise arising between the parties, including, without limitation, any of Employee's statutorily created or protected rights, shall be determined and settled by arbitration in Baltimore, Maryland in accordance with the Commercial Rules of the American Arbitration Association then in effect; the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and the Maryland Uniform Arbitration Act, and judgment upon the award rendered by the arbitrator(s) may be entered in any court of competent jurisdiction. The expenses of the arbitration shall be borne by the non-prevailing party to the arbitration, including, but not limited to, the cost of experts, evidence, and legal counsel. * * *"
 {¶ 7} Just above Lindsey's signature to the Agreement is the following language set forth in large, bold font:
 {¶ 8} "This agreement contains a waiver of your right to a Trial by court or jury in employment disputes.
 {¶ 9} "This agreement contains a binding arbitration provision which may be enforced by the parties."
 {¶ 10} Lindsey's employment was terminated on June 7, 2002. She thereafter filed a complaint in the Montgomery County Court of Common Pleas in which she alleged that Sinclair had discriminated against her on the basis of sex and that it had improperly terminated her employment as retaliation for her complaints to management regarding the sex discrimination. Sinclair filed a motion to dismiss the complaint, or alternatively to stay the action pending arbitration. Lindsey filed a response in which she argued that the arbitration provision is unenforceable because it is unconscionable.
 {¶ 11} The trial court rendered a decision in which it determined that the arbitration clause did not "rise to the level of unconscionability" and that it was not executed due to fraud. Therefore, the trial court found the clause enforceable and ordered a stay in the proceedings pending arbitration. From this order, Lindsey appeals.
 II {¶ 12} Lindsey's sole assignment of error is as follows:
 {¶ 13} "The trial court abused its discretion in finding the arbitration provision was enforceable and sustaining sinclair's motion to stay."
 {¶ 14} Lindsey contends that the trial court erred in its determination that the arbitration clause in the agreement is enforceable. In support, she contends that the agreement is unconscionable because it contains a forum selection clause mandating that any arbitration be conducted in Maryland and because it provides for costs and fees to be paid by the losing party.
 {¶ 15} "Arbitration is encouraged as a method to settle disputes, and a presumption favoring arbitration arises when the claim in dispute falls within the scope of an arbitration provision." Baker v. Schuler,
Clark App. No. 02CA0020, 2002-Ohio-5386, ¶ 30, citation omitted. The Ohio Arbitration Act sets forth a trial court's role in construing and enforcing arbitration agreements. Specifically, R.C. 2711.01(A) governs the validity of arbitration provisions and provides, in relevant part:
 {¶ 16} "A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, * * * or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
 {¶ 17} R.C. 2711.02(B) requires a court to stay a trial pending the outcome of arbitration. It provides:
 {¶ 18} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *."
 {¶ 19} In determining whether a trial court has properly ruled upon a motion to stay the proceedings and compel arbitration, the standard of review is whether the order constitutes an abuse of discretion. Zacharyv. Crocket Homes, Inc., 2003-Ohio-5237, ¶ 15. "The term `abuse of discretion' implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 20} "When a party attacks the arbitration provision by asserting that the provision itself is unconscionable, the enforceability of the arbitration provision is an issue for the Court." McCann v. New CenturyMtge. Corp., 2003-Ohio-2752, ¶ 40, citations omitted. "`Unconscionability is determined by reference to the relative benefit of the bargain to the parties at the time of its making, the nature of the methods employed in negotiating it, and the relative bargaining power of the parties.'" Id. at ¶ 41, citation omitted. "To establish that an agreement is unconscionable under Ohio law, the complaining party must demonstrate: 1) substantive unconscionability, by showing that the contract terms are unfair and unreasonable, and 2) procedural unconscionability, by showing that the circumstances surrounding the contract were so unfair as to cause there to be no voluntary meeting of the minds." Id., citation omitted.
 {¶ 21} In this case, the signed agreement states that the parties acknowledge that they had the opportunity to consult with counsel regarding the terms of the agreement. There are no allegations of fraud, misrepresentation, duress or coercion. There is no evidence to support Lindsey's conclusory claim that the agreement shows "vestiges of adhesion." There is no evidence that Lindsey was required to sign the agreement in order to continue her employment. To the contrary, it appears from the record that she was required to execute the agreement merely in order to receive certain stock options. The agreement was not executed upon Lindsey's initial employment with Sinclair, but was executed after her attainment of manager status, and as consideration for her receipt of stock options.
 {¶ 22} Additionally, Lindsey failed to produce any facts or allegations supporting her claim that the costs of arbitration rendered the provision unconscionable. There is no evidence that the costs would be prohibitive or that Lindsey would be unable to pay them if she were unsuccessful. See Green Tree Fin. Corp. v. Randolph (2000), 531 U.S. 79,121 S.Ct 513, 148 L.Ed.2d 373.
 {¶ 23} Finally, although Lindsey argues that the use of a forum selection clause in an arbitration clause renders the agreement unconscionable, in this case, unlike in Bolter v. Superior Court (2001),87 Cal.App.4th 900, there is no evidence in the record that Lindsey is of such limited financial means that she cannot afford to travel to Maryland to arbitrate her dispute with Sinclair. See Bolter, supra, at 909-910.
 {¶ 24} Based upon the record before us, we cannot say that the trial court abused its discretion in determining that the arbitration clause is enforceable and in staying the proceedings pending arbitration. Accordingly, Lindsey's sole Assignment of Error is overruled.
 III {¶ 25} Lindsey's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
BROGAN and WOLFF, JJ., concur.