[Cite as *Robie v. Maxill, Inc.*, 2021-Ohio-2644.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| DANA ROBIE,<br><br>　　　　Plaintiff-Appellant,<br><br>　- v -<br><br>MAXILL, INC.,<br><br>　　　　Defendant-Appellee. | **CASE NO. 2021-T-0007**<br><br>Civil Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2020 CV 01163 |

**O P I N I O N**

Decided: August 2, 2021
Judgment: Reversed and remanded

*Marilyn L. Widman* and *Kera L. Paoff*, Widman & Franklin, LLC, 405 Madison Avenue, Suite 1550, Toledo, OH 43604 (For Plaintiff-Appellant).

*Ned C. Gold*, *Jr.*, The Gold Law Firm, and *Thomas C. Nader*, Nader & Nader, 7011 East Market Street, Warren, OH 44484 (For Defendant-Appellee).

MARY JANE TRAPP, P.J.

{¶1}　Appellant, Dana Robie ("Ms. Robie"), appeals the order of the Trumbull County Court of Common Pleas staying proceedings pending arbitration with respect to her civil complaint against appellee, maxill inc. ("maxill").[1]

{¶2}　Ms. Robie asserts two assignments of error, contending that the trial court erred by failing to hold an evidentiary hearing on maxill's petition to stay proceedings

---

1. According to maxill, it spells its name in all lower-case letters except when its name appears at the beginning of a sentence.

pending arbitration and by granting maxill's petition because the arbitration clause in her employment agreement is unconscionable and unenforceable.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) The trial court did not err by failing to hold an evidentiary hearing on maxill's petition. Despite some ambiguity in the caption of its request, maxill sought a "stay" of litigation on Ms. Robie's complaint pending arbitration pursuant to the employment agreement. R.C. 2711.02(B) governs this type of request, and it does not require an evidentiary hearing.

{¶5} (2) The trial court erred by staying the proceedings without first determining whether the arbitration clause is unconscionable. The trial court must address unconscionability in the first instance.

{¶6} Thus, Ms. Robie's second assignment of error has merit in part and is unripe in part. We reverse the trial court's order staying proceedings pending arbitration and remand this matter for the trial court to determine whether the arbitration clause is unconscionable. The trial court may hold any additional proceedings it deems appropriate to assist its determination.

## Substantive and Procedural History

{¶7} In October 2020, Ms. Robie, through counsel, filed a complaint with a jury demand in the trial court naming maxill as a defendant.

{¶8} Ms. Robie alleges that maxill employed her as an external sales representative ("ESR"). In April 2020, Maxill notified Ms. Robie and other ESRs that they were being temporarily furloughed due to the COVID-19 pandemic and that they were eligible to apply for unemployment benefits.

2

{¶9} Ms. Robie also alleges that during her furlough, she continued to receive communications from new and existing maxill customers. Maxill also informed ESRs that they were expected to perform certain tasks if they wanted to return to full-time status. Ms. Robie raised concerns to maxill's management on several occasions regarding the legality of collecting unemployment while on furlough. She also inquired about compensation and requested restoration to her full-time position.

{¶10} Ms. Robie further alleges that she eventually informed maxill that she would no longer perform work while on furlough because she believed it was illegal to do so. Her counsel sent correspondence to maxill outlining Ms. Robie's concerns and requesting that she be taken off furlough and returned to full-time ESR status. Maxill responded by terminating Ms. Robie's employment. It later began taking steps to restore other ESRs to their full-time positions.

{¶11} Ms. Robie's complaint asserts claims pursuant to the Ohio Whistleblower Protection Act (R.C. 4113.52), Ohio public policy, and the Ohio Prompt Pay Act (R.C. 4113.15) and requests equitable relief, compensatory and punitive damages, and attorney's fees.

{¶12} Maxill appeared through counsel and filed a "petition to stay proce[e]dings pending arbitration pursuant to [R.C.] 2711.03" based on the existence of an arbitration clause in Ms. Robie's employment agreement. Maxill attached certain pages of the employment agreement to its "petition."

{¶13} The arbitration clause set forth in the employment agreement states as follows:

{¶14} "**11. ARBITATION; EQUITABLE RELIEF.**

3

{¶15} "(a) ANY DISPUTE OR CONTROVERSY ARISING OUT OF, RELATING TO, CONCERNING THE INTERPRETATION, CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS AGREEMENT WILL BE GOVERNED BY OHIO LAW AND SETTLED BY ARBITRATION TO BE HELD IN TRUMBULL COUNTY, OHIO IN ACCORDANCE WITH THE THEN-EFFECTIVE RULES OF THE AMERICAN ARBITRATION ASSOCIATION. THE ARBITRATOR MAY GRANT INJUNCTIONS OR OTHER RELIEF IN THAT DISPUTE OR CONTROVERSY. THE DECISION OF THE ARBITRATOR WILL BE FINAL, CONCLUSIVE, AND BINDING ON THE PARTIES TO THE ARBITRATION. JUDGMENT MAY BE ENTERED ON THE ARBITRATOR'S DECISION IN ANY COURT HAVING JURISDICTION. THE PARTIES SHALL EACH PAY ONE-HALF OF THE COSTS AND EXPENSES OF THAT ARBITRATION, AND EACH PARTY SHALL SEPARATELY PAY COUNSEL FEES AND EXPENSES.

{¶16} "THIS ARBITRATION CLAUSE CONSTITUTES A WAIVER OF THE EMPLOYEE'S RIGHT TO A JURY TRIAL AND RELATES TO THE RESOLUTION OF ALL DISPUTES RELATING TO All ASPECTS OF THE EMPLOYER-EMPLOYEE RELATIONSHIP INCLUDING:

{¶17} "i. ALL CLAIMS FOR WRONGFUL DISCHARGE OF EMPLOYMENT; BREACH OF CONTRACT, EXPRESS AND IMPLIED; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, EXPRESS AND IMPLIED; NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT OR INTENTIONAL MISREPRESENTATION; NEGLIGENT OR INTENTIONAL INTERFERENCE WITH CONTRACT OR PROSPECTIVE ECONOMIC ADVANTAGE; AND DEFAMATION;

4

{¶18} "ii. ALL CLAIMS FOR VIOLATION OF A FEDERAL, STATE, OR MUNICIPAL STATUTE, INCLUDING TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE CIVIL RIGHTS ACT OF 1991, THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, THE AMERICANS WITH DISABILITIES ACT OF 1990, AND THE FAIR LABOR STANDARDS ACT;

{¶19} "iii. ALL CLAIMS ARISING OUT [sic] OTHER LAWS AND REGULATIONS RELATING TO EMPLOYMENT OR EMPLOYMENT DISCRIMINATION.

{¶20} "(b) EQUITABLE REMEDIES.  IT WOULD BE IMPOSSISLE OR INADEQUATE TO MEASURE AND CALCULATE THE COMPANY'S DAMAGES FROM ANY BREACH OF THE COVENANTS SET FORTH ABOVE.  ACCORDINGLY, IF EMPLOYEE'S CONDUCT IS A BREACH, THE COMPANY WILL HAVE AVAILABLE, IN ADDITION TO ANY OTHER RIGHT OR REMEDY AVAILABLE, THE RIGHT TO OBTAIN AN INJUNCTION FROM A COURT OF COMPETENT JURISDICTION RESTRAINING THAT BREACH OR THREATENED BREACH AND TO SPECIFIC PERFORMANCE OF ANY SUCH PROVISION OF THIS AGREEMENT.  NO BOND OR OTHER SECURITY WILL BE REQUIRED TO OBTAINING THAT EQUITABLE RELIEF AND THE EMPLOYEE HEREBY CONSENTS TO THE ISSUANCE OF THAT INJUNCTION ANO TO THE ORDERING OF SPECIFIC PERFORMANCE.

{¶21} "(c) CONSIDERATION.  EACH PARTY'S PROMISE TO RESOLVE CLAIMS BY ARBITRATION IN ACCORDANCE WITH THIS AGREEMENT, RATHER THAN THROUGH THE COURTS, IS CONSIDERATION FOR THE OTHER PARTY'S LIKE PROMISE.  THE EMPLOYEE UNDERSTANDS THAT THIS OFFER OF

Case No. 2021-T-0007

EMPLOYMENT IS MADE IN CONSIDERATION OF THIS PROMISE TO ARBITRATE CLAIMS." (Bolding and all caps sic).

{¶22} Ms. Robie filed a memorandum in opposition. First, she argued she is not required to arbitrate her claims based on other provisions in the employment agreement. Second, she argued that the arbitration clause is "substantively unconscionable for being illusory, *i.e.* for lacking mutuality of obligation." Ms. Robie also filed, with certain redactions, a full copy of the employment agreement.

{¶23} Maxill filed a response disputing Ms. Robie's arguments regarding the employment agreement's applicability and unconscionability. Maxill also filed, with certain redactions, a full copy of the parties' prior employment agreement, which it contended contained the same substantive arbitration clause.

{¶24} In January 2021, the trial court issued an order that stated as follows:

{¶25} "Upon review of 'Defendant's Petition to Stay Proceedings Pending Arbitration Pursuant t[o] ORC 2711.03' as well as Exhibit A attached to the Petition, the Court finds the matter should be referred to arbitration pursuant to the agreement between the parties, pertinent parts of which are included in Exhibit A to the Petition, with this matter stayed pending arbitration.

{¶26} "**Defendant's petition is granted. The matter is stayed pending arbitration**. The parties shall jointly advise the Court when arbitration is complete and advise the Court whether there are any further issues to bring before the Court." (Emphasis sic.)

{¶27} Ms. Robie appealed the trial court's order and presents the following two assignments of error:

6

{¶28} "[1.] The Trial Court committed prejudicial and reversible error when it failed to hold an evidentiary hearing as required under R.C. §2711.03.

{¶29} "[2.] The Trial Court committed prejudicial and reversible error when it granted Defendant's Petition to Stay Proceeding [sic] Pending Arbitration because the arbitration clause is unconscionable and unenforceable."

### Standard of Review

{¶30} Generally, a trial court's decision to stay proceedings pending arbitration is reviewed for an abuse of discretion. *Knight v. Altercare Post-Acute Rehab. Ctr., Inc.*, 2017-Ohio-6946, 94 N.E.3d 957, ¶ 9 (11th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶31} When the trial court's grant or denial of a stay is premised upon questions of law, we review the judgment de novo. *Knight* at ¶ 9. S*ee, e.g.*, *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 37 (holding that a de novo standard of review is applicable to a determination whether an arbitration agreement alleged to be unconscionable is enforceable).

### Evidentiary Hearing

{¶32} In her first assignment of error, Ms. Robie contends that the trial court erred by failing to hold an evidentiary hearing pursuant to R.C. 2711.03. We do not agree.

{¶33} The Ohio Arbitration Act, which is codified in R.C. Chapter 2711, provides for different arbitration enforcement mechanisms. *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, ¶ 14.

7

{¶34} R.C. 2711.02 provides for indirect enforcement through an order staying proceedings. *Id.* Specifically, R.C. 2711.02(B) provides as follows:

{¶35} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, *upon being satisfied* that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on *application* of one of the parties *stay the trial of the action* until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration." (Emphasis added.)

{¶36} Ohio law authorizes appellate review of such orders pursuant to R.C. 2711.02(C). *Taylor Bldg.* at ¶ 30.

{¶37} By contrast, R.C. 2711.03 provides for direct enforcement of arbitration agreements through an order to compel arbitration. *Maestle* at ¶ 14. Specifically, R.C. 2711.03(A) provides as follows:

{¶38} "(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may *petition* any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. Five days' notice in writing of that petition shall be served upon the party in default. Service of the notice shall be made in the manner provided for the service of a summons. *The court shall hear the parties*, and, *upon being satisfied* that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing

8

the parties to proceed to arbitration in accordance with the agreement." (Emphasis added.)

{¶39} R.C. 2711.03(B) outlines the required trial procedures in the event "the making of the arbitration agreement or the failure to perform it is in issue."

{¶40} According to the Supreme Court of Ohio, even though R.C. 2711.02 and 2711.03 both require a trial court to determine ultimately whether an arbitration provision is enforceable (and to be "satisfied" that the relief sought is appropriate before issuing the order), the statutes are separate and distinct provisions and serve different purposes. *Maestle* at ¶ 17. A party seeking to enforce an arbitration provision may choose to move for a stay under R.C. 2711.02, or to petition for an order for the parties to proceed to arbitration under R.C. 2711.03, or to seek orders under both statutes. *Id.* at ¶ 18.

{¶41} As Ms. Robie accurately notes, maxill labeled its request as a "*petition* to stay proce[e]dings pending arbitration pursuant to *[R.C.] 2711.03*" rather than an "application" to stay proceedings pursuant to R.C. 2711.02(B), which creates ambiguity. (Emphasis added.) Contrary to Ms. Robie's assertion, however, this does not mean that R.C. 2711.03 controls.

{¶42} According to the Supreme Court of Ohio, if the party moves for a stay pursuant to R.C. 2711.02 without also petitioning under R.C. 2711.03, the trial court's consideration is guided solely by R.C. 2711.02 without reference to R.C. 2711.03. Consequently, in that situation, it is not necessary for a trial court to comply with the procedural requirements of R.C. 2711.03, since only R.C. 2711.02 is involved. *Id.* at ¶ 18. Thus, a trial court considering whether to grant a motion to stay proceedings pending

9

arbitration filed under R.C. 2711.02 need not hold a hearing pursuant to R.C. 2711.03 when the motion is not based on R.C. 2711.03. *Id.* at ¶ 19.

{¶43} This court has held that it is the substance of the pleading and not its caption that determines a pleading's operative effect. *Ferreri v. Ferreri*, 11th Dist. Trumbull No. 2017-T-0055, 2018-Ohio-699, ¶ 30.

{¶44} In the substance of its request, maxill did not allege that Ms. Robie "fail[ed] to perform under a written agreement for arbitration" or request "an order directing that the arbitration proceed in the manner provided for in the written agreement," as R.C. 2711.03(A) authorizes. Rather, maxill sought a "stay" of litigation on Ms. Robie's complaint pending arbitration pursuant to the employment agreement. Thus, R.C. 2711.02 is applicable here.

{¶45} According to the Supreme Court of Ohio, while it is within a trial court's discretion to hold a hearing when considering whether a R.C. 2711.02 stay is warranted, that statute does not on its face require a hearing, and it is not appropriate to read an implicit requirement into the statute. *Maestle* at ¶ 19.

{¶46} Similarly, this court has recognized that R.C. 2711.02(B) requires the trial court to stay the litigation once it is "satisfied" that the matter pending before it is governed by a written arbitration agreement. *Verandah Properties, LLC v. Ullman Oil Co., LLC*, 11th Dist. Geauga No. 2019-G-0213, 2020-Ohio-1559, ¶ 13. "Nothing in R.C. 2711.02(B) requires a hearing." *Id.*

{¶47} Accordingly, we conclude that the trial court did not err by failing to hold an evidentiary hearing.

{¶48} Ms. Robie's first assignment of error is without merit.

10

Case No. 2021-T-0007

**Unconscionability**

{¶49} In her second assignment of error, Ms. Robie contends that the trial court erred by granting maxill's request to stay proceedings because the arbitration clause in the employment agreement is unconscionable and unenforceable.

{¶50} We agree that the trial court erred by granting maxill's request but for the reason that the trial court did not first determine whether the arbitration clause is unconscionable.

{¶51} Ohio law strongly favors arbitration, and there is a presumption of arbitrability when a contract contains an arbitration provision. *Taylor Bldg.* at ¶ 25-27. "Arbitration agreements are 'valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.'" *Id.* at ¶ 33, quoting R.C. 2711.01(A). "[A]n arbitration clause is, in effect, a contract within a contract, subject to revocation on its own merits." *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 501-502, 692 N.E.2d 574 (1998).

{¶52} The Supreme Court of Ohio has held that unconscionability is a ground for revocation of a contract. *Taylor Bldg.* at ¶ 33. Unconscionability includes both an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. *Id.* at ¶ 34. The party asserting unconscionability of a contract bears the burden of proving that the agreement is both procedurally and substantively unconscionable. *Id.* A determination of whether a written contract is unconscionable is an issue of law for the court to decide upon an examination of the contract. *Id.* at ¶ 35; *Verandah* at ¶ 14.

11

{¶53} In *Verandah*, this court explained that an allegation that the arbitration clause itself is unenforceable as unconscionable places the validity of the provision in issue and requires a court to determine enforceability before it can grant a motion to stay. *Id.* at ¶ 34. Thus, when a party opposing a motion to stay raised under R.C. 2711.02 challenges the arbitration clause as unconscionable, the trial court must determine whether the clause is unconscionable and cannot refer the issue for resolution by the arbitrator. *Id.* However, "'claims of unconscionability that relate to the contract generally, rather than the arbitration clause specifically, are properly left to the arbitrator in the first instance.'" *Id.* at ¶ 35, quoting *Taylor Bldg.* at ¶ 42.

{¶54} In this case, Ms. Robie's memorandum in opposition challenged the arbitration clause as unconscionable, not the employment agreement in general. However, the trial court did not address Ms. Robie's unconscionability argument. Instead, the trial court determined that the matter was referable to arbitration pursuant to the employment agreement and stayed the case in its entirety pending arbitration.

{¶55} As we recognized in *Verandah*, "'the trial court should have the first opportunity to address the existence or nonexistence of unconscionability.'" *Id.* at ¶ 34, quoting *Battle v. Bill Swad Chevrolet, Inc.*, 140 Ohio App.3d 185, 192, 746 N.E.2d 1167 (10th Dist.2000). Otherwise, we would be operating not as a "reviewing court, but in effect * * * a trial court." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (1992).

{¶56} Accordingly, we conclude that the trial court erred by staying the proceedings pending arbitration without first determining whether the arbitration clause is unconscionable. *See Verandah* at ¶ 36. We reverse the trial court's order and remand

12

this matter for the trial court to so determine. The trial court may hold any additional proceedings it deems appropriate to assist its determination.

{¶57} Ms. Robie's second assignment of error has merit in part and is unripe in part.

{¶58} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

Case No. 2021-T-0007