[Cite as *Grimm v. Professional Dental Alliance, L.L.C.*, 2024-Ohio-637.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| SUSAN GRIMM, D.D.S., M.S., | CASE NO. 2023-P-0054 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| PROFESSIONAL DENTAL ALLIANCE, LLC, | Trial Court No. 2023 CV 00356 |
| Defendant-Appellee. | |

**O P I N I O N**

Decided: February 20, 2024
Judgment: Reversed and remanded

*Paul V. Wolf*, 700 West St. Clair Avenue, Suite 400, Cleveland, OH 44113 (For Plaintiff-Appellant).

*Evelyn P. Schonberg* and *Peter O'Grady*, Ross, Brittain & Schonberg, Co., LPA, 6480 Rockside Woods Boulevard, South, Suite 350, Cleveland, OH 44131 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1}   Appellant, Susan Grimm, D.D.S., M.S. ("Dr. Grimm"), appeals from the judgment of the Portage County Court of Common Pleas, which stayed her age discrimination action against appellee, Professional Dental Alliance, LLC ("Prof. Dental"), and ordered the parties to resolve their dispute through binding arbitration pursuant to their professional services agreement.

{¶2}   Dr. Grimm raises one assignment of error on appeal, contending the trial court erred to her prejudice by granting Prof. Dental's "Motion to Stay Proceedings and

Compel Arbitration." More specifically, she contends the arbitration provision in the agreement is unenforceable because it contains a "loser pays" clause, which is unconscionable and contrary to public policy.

{¶3} After a careful review of the record and pertinent law, we find Dr. Grimm's assignment of error has merit in part since the trial court failed to address Dr. Grimm's allegation and determine whether the "loser pays" clause is unconscionable and contrary to public policy. Further, the record has not been sufficiently developed for us to ascertain unconscionability, i.e., there are no factual findings and/or evidence of the circumstances surrounding the agreement.

{¶4} Accordingly, we reverse the judgment of the Portage County Court of Common Pleas and remand for the trial court to determine whether the "loser pays" clause is unconscionable and/or contrary to public policy and thus unenforceable, with factual findings supporting its determinations.

### Substantive and Procedural History

{¶5} In May 2023, Dr. Grimm filed a complaint alleging she was wrongfully terminated from her employment with Prof. Dental as an orthodontist due to age discrimination.

{¶6} Approximately one month later, Prof. Dental filed a "Motion to Compel Arbitration and Stay Proceedings" pursuant to R.C. 2711.02 since Dr. Grimm agreed in the parties' professional services agreement to submit any claims from or related to her employment to mandatory arbitration. Attached to the motion were the parties' professional services agreement and an email to Dr. Grimm's counsel notifying him of the arbitration provision.

2

**{¶7}** In turn, Dr. Grimm filed a "Brief in Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings," arguing the mandatory arbitration provision is invalid and unenforceable because it contains a "loser pays" clause, which is unconscionable and against public policy.

**{¶8}** After Prof. Dental filed a reply, the trial court issued a judgment entry granting Prof. Dental's motion, staying the proceedings, and ordering the parties "to resolve their dispute through binding arbitration, as provided for in the parties' Agreement."

**{¶9}** Dr. Grimm filed the instant appeal, raising one assignment of error for our review:

**{¶10}** "The trial court erred to the prejudice of Plaintiff-Appellant in granting Defendant-Appellee's Motion to Stay Proceedings and Compel Arbitration."

## Unconscionability

**{¶11}** In her sole assignment of error, Dr. Grimm contends the trial court erred in granting Prof. Dental's motion to stay and compel arbitration because the "loser pays" clause in the parties' professional services agreement is unconscionable and contrary to public policy.

**{¶12}** A trial court's decision whether to grant a stay pending arbitration proceedings pursuant to R.C. 2711.02 is generally reviewed under an abuse of discretion standard. *Robie v. Maxill, Inc.*, 11th Dist. Trumbull No. 2021-T-0007, 2021-Ohio-2644, ¶ 30. However, when the trial court's grant or denial of a stay is premised upon questions of law, such as the unconscionability of an arbitration agreement, our review is de novo. *Id.* at ¶ 31. *See, e.g., Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-

3

Ohio-938, 884 N.E.2d 12, ¶ 2 ("the proper standard of review of a determination of whether an arbitration agreement is enforceable in light of a claim of unconscionability is de novo"). In such a case, any related factual findings made by the trial court must be afforded appropriate deference. *Id.*

{¶13} Ohio courts recognize a "'presumption favoring arbitration'" that arises "'when the claim in dispute falls within the scope of the arbitration provision.'" *Id.* at ¶ 27, quoting *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471, 700 N.E.2d 859 (1998).

{¶14} "Ohio law directs trial courts to grant a stay of litigation in favor of arbitration pursuant to a written arbitration agreement on application of one of the parties, in accordance with R.C. 2711.02(B)." *Id.* at ¶ 28.

{¶15} Pursuant to R.C. 2711.02(B), "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."

{¶16} Further, Ohio law authorizes appellate review of such orders. *Taylor Bldg.* at ¶ 30.

{¶17} Pursuant to R.C. 2711.02(C), "[A]n order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of

4

Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

{¶18} "'Unconscionability includes both "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party."'" *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 20, quoting *Lake Ridge Academy v. Carney*, 66 Ohio St.3d 376, 383, 613 N.E.2d 183 (1993), quoting *Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 449 (D.C.Cir.1965). The party asserting unconscionability of a contract bears the burden of proving that the agreement is both procedurally and substantively unconscionable. *Id.*; *see Taylor Bldg.* at ¶ 34 (a party challenging an arbitration agreement must prove a quantum of both procedural and substantive unconscionability).

{¶19} Procedural unconscionability considers the circumstances surrounding the contracting parties' bargaining, such as the parties' age, education, intelligence, business acumen and experience, and who drafted the contract. *Taylor Bldg.* at ¶ 44.

{¶20} Additional factors may include a belief by the stronger party that there is no reasonable probability that the weaker party will fully perform the contract; knowledge of the stronger party that the weaker party will be unable to receive substantial benefits from the contract; knowledge of the stronger party that the weaker party is unable to reasonably protect his interests by reason of physical or mental infirmities, ignorance, illiteracy or inability to understand the language of the agreement, or similar factors. *Id.*

{¶21} "An assessment of whether a contract is substantively unconscionable involves consideration of the terms of the agreement and whether they are commercially reasonable." *Hayes* at ¶ 33. "Factors courts have considered in evaluating whether a

5

contract is substantively unconscionable include the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability." *Id.* "No bright-line set of factors for determining substantive unconscionability has been adopted by [the Supreme Court of Ohio]. The factors to be considered vary with the content of the agreement at issue." *Id.*

{¶22} A review of the trial court's judgment entry reveals the court failed to address Dr. Grimm's allegations and determine whether the "loser pays" clause is unconscionable and contrary to public policy. Further, the record has not been sufficiently developed for us to ascertain unconscionability, i.e., there are no factual findings and no evidence of the circumstances surrounding the agreement.

{¶23} In *Paradie v. Turning Point Builders, Inc.*, 2021-Ohio-2178, 174 N.E.3d 940, (11th Dist.), we explained that an appellate court cannot determine the enforceability of an arbitration provision where there is a lack of a record to support such a holding. *Id.* at ¶ 31. Thus, the matter must be remanded for an evidentiary hearing or further proceedings on the issue. *Id.*

{¶24} Similarly, in *Brownell v. Van Wyk*, 2d Dist. Montgomery No. 24042, 2010-Ohio-6338, the Second District reversed and remanded for an evidentiary hearing on the issue of unconscionability where the trial court made no factual findings supporting its determination that the arbitration provision was unconscionable and the circumstances surrounding the arbitration agreement were not sufficiently developed in the record. *Id.* at ¶ 31. *See also Robie, supra*, at ¶ 55 (the trial court should have the first opportunity to address the existence or nonexistence of unconscionability); *Verandah Properties, LLC v. Ullman Oil Co., LLC*, 11th Dist. Geauga No. 2019-G-0213, 2020-Ohio-1559, ¶ 34 (an

6

allegation that the arbitration clause is unenforceable as unconscionable places the validity of the provision at issue and requires a court to determine enforceability before it can grant a motion to stay).

{¶25} Accordingly, we reverse the judgment of the trial court and remand for the trial court to determine whether the "loser pays" clause is unconscionable and/or contrary to public policy and thus unenforceable, with factual findings supporting its determinations.

{¶26} Finding Dr. Grimm's assignment of error to have merit in part, the judgment of the Portage County Court of Common Pleas is reversed and remanded in accordance with this opinion.

MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-P-0054