[Cite as *Grimm v. Professional Dental Alliance, L.L.C.*, 2025-Ohio-2185.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| SUSAN GRIMM, D.D.S., M.S., | CASE NO. 2024-P-0039 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| PROFESSIONAL DENTAL ALLIANCE, LLC, | Trial Court No. 2023 CV 00356 |
| Defendant-Appellee. | |

## OPINION AND JUDGMENT ENTRY

Decided: June 23, 2025
Judgment: Affirmed as modified; remanded

*Paul V. Wolf*, 700 West St. Clair Avenue, Suite 400, Cleveland, OH 44113 (For Plaintiff-Appellant).

*Evelyn P. Schonberg* and *Alyssa M. Knappins*, Ross, Brittain & Schonberg, Co., LPA, 6480 Rockside Woods Boulevard, South, Suite 350, Cleveland, OH 44131 (For Defendant-Appellee).

EUGENE A. LUCCI, J.

{¶1} Appellant, Susan Grimm, D.D.S., M.S., appeals the judgments (1) adopting a magistrate's decision, staying the proceedings, and compelling arbitration, and (2) overruling Grimm's objections to the magistrate's decision. We affirm the judgments as modified herein and remand this matter for further proceedings not inconsistent with this opinion.

{¶2}   In 2023, Grimm filed a complaint alleging that appellee, Professional Dental Alliance, LLC ("Professional Dental"), unlawfully discriminated against her based on age, in violation of R.C. 4112.02. Thereafter, Professional Dental moved to compel arbitration and stay proceedings pursuant to the terms of the parties' professional services agreement, which provided, in relevant part:

> 24. <u>ARBITRATION</u>: All controversies, claims and disputes arising from or relating to this Agreement, including claims under Title VII, will be resolved by final and binding arbitration to be held in the county of dispute, conducted under the employment rules of the American Arbitration Association. The arbitrator's award will be final and binding upon the Parties and judgment may be entered on the award. Nothing in this Section 24 will prohibit or prevent either Party from seeking or obtaining injunctive or other equitable relief in court to enforce the restrictive covenants of this Agreement or any other agreement between the Parties. The Parties and the arbitrator will maintain in confidence the existence of the arbitration proceeding, all materials filed in conjunction therewith and the substance of the underlying dispute unless and then only to the extent that disclosure is otherwise required by applicable law. The arbitrator shall have the authority to award attorney's fees and costs to a prevailing party.

{¶3}   In response to Professional Dental's motion, Grimm argued that the last sentence of the arbitration clause—the "loser-pays provision"—was unconscionable and violated public policy, rendering the arbitration clause unenforceable.

{¶4}   The trial court granted Professional Dental's motion, and Grimm appealed. *Grimm v. Professional Dental All., LLC*, 2024-Ohio-637 (11th Dist.). This court issued an opinion reversing the trial court's judgment and remanding the matter to the court "to determine whether the 'loser pays' clause is unconscionable and/or contrary to public policy and thus unenforceable, with factual findings supporting its determinations." *Id.* at ¶ 25.

{¶5} On remand, the trial court held a hearing before a magistrate, who issued a decision on May 22, 2024, finding that Grimm failed to meet her burden of proving that the loser-pays provision was "unconscionable and against public policy."

{¶6} On May 30, 2024, during the period permitted for objections, the trial court adopted the magistrate's decision, stayed the proceedings, and ordered the parties to engage in arbitration. Although Grimm timely filed objections to the magistrate's decision, she also noticed an appeal from the trial court's May 30, 2024 entry.

{¶7} Accordingly, pursuant to App.R. 4(B)(2), this court issued a limited remand to the trial court for the purpose of ruling on Grimm's objections. The trial court overruled Grimm's objections and adhered to its prior judgment. Thereafter, Grimm noticed an amended appeal.

{¶8} In her sole assigned error, Grimm argues:

{¶9} "The trial court erred to the prejudice of [Grimm] in granting [Professional Dental]'s Motion to Stay Proceedings and Compel Arbitration."

{¶10} Pursuant to R.C. 2711.02(B):

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶11} "Both the Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration." (Citations omitted.) *Hayes v. Oakridge Home*, 2009-Ohio-2054, ¶ 15. "In light of the strong presumption favoring arbitration, all doubts should

be resolved in its favor." (Citation omitted.) *Id.* at ¶ 15. "[A]n arbitration agreement is enforceable unless grounds exist at law or in equity for revoking the agreement." *Id.* at ¶ 19, citing R.C. 2711.01(A).

{¶12} Here, the trial court adopted the magistrate's decision finding the arbitration clause enforceable. "The decision to adopt a magistrate's decision is typically reviewed under an abuse of discretion standard." (Citations omitted.) *Banks v. Shark Auto Sales LLC*, 2022-Ohio-3489, ¶ 7 (11th Dist.). Likewise, "[a] trial court's decision whether to grant a stay pending arbitration proceedings pursuant to R.C. 2711.02 is generally reviewed under an abuse of discretion standard." *Grimm*, 2024-Ohio-637, at ¶ 12 (11th Dist.), citing *Robie v. Maxill, Inc.*, 2021-Ohio-2644, ¶ 30 (11th Dist.). "However, when questions of law, such as the interpretation of a contract, are presented, the court of appeals will review the lower court's judgment de novo." *Banks* at ¶ 7. Accordingly, we review a trial court's interpretation of a parties' agreement and whether the agreement violates public policy de novo. Although we also review whether an arbitration agreement is enforceable due to a claim of unconscionability de novo, we generally defer to the trial court's related factual findings on this issue. *Grimm* at ¶ 12, citing *Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938, ¶ 2.

{¶13} To demonstrate that an arbitration agreement is unconscionable, the party asserting such a claim must establish a "quantum" of both substantive and procedural unconscionability. *Hayes* at ¶ 30, citing *Taylor Bldg* at ¶ 34.

{¶14} "'An assessment of whether a contract is substantively unconscionable involves consideration of the terms of the agreement and whether they are commercially reasonable.'" *Grimm* at ¶ 21, quoting *Hayes*, 2009-Ohio-2054, at ¶ 33. "'Factors courts

Case No. 2024-P-0039

have considered in evaluating whether a contract is substantively unconscionable include the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability.'" *Grimm* at ¶ 21, quoting *Hayes* at ¶ 33. "'No bright-line set of factors for determining substantive unconscionability has been adopted by [the Supreme Court of Ohio]. The factors to be considered vary with the content of the agreement at issue.'" *Grimm* at ¶ 21, quoting *Hayes* at ¶ 33.

{¶15} "Procedural unconscionability considers the circumstances surrounding the contracting parties' bargaining, such as the parties' age, education, intelligence, business acumen and experience, and who drafted the contract." *Grimm*, 2024-Ohio-637, at ¶ 19 (11th Dist.), citing *Taylor Bldg.*, 2008-Ohio-938, at ¶ 44.

> Additional factors may include a belief by the stronger party that there is no reasonable probability that the weaker party will fully perform the contract; knowledge of the stronger party that the weaker party will be unable to receive substantial benefits from the contract; knowledge of the stronger party that the weaker party is unable to reasonably protect his interests by reason of physical or mental infirmities, ignorance, illiteracy or inability to understand the language of the agreement, or similar factors.

*Grimm* at ¶ 20, citing *Taylor Bldg.* at ¶ 44. "All of the factors must be examined and weighed in their totality in determining whether an arbitration agreement is procedurally unconscionable." *Hayes* at ¶ 30.

{¶16} Aside from unconscionability, as a separate and distinct basis for unenforceability of an agreement, "'contracts which bring about results which the law seeks to prevent are unenforceable as against public policy.'" *Gaither v. Wall & Assoc., Inc.*, 2017-Ohio-765, ¶ 48 (2d Dist.), quoting *Cincinnati City School Dist. Bd. of Edn. v. Conners*, 2012-Ohio-2447, ¶ 17. "'This rule stems from the " . . . legal principle which

declares that no one can lawfully do that which has the tendency to be injurious to the public welfare.'"" *Gaither* at ¶ 48, quoting *King v. Cashland, Inc.*, 2000 WL 1232768, *2 (2d Dist. Sept. 1, 2000), quoting *Garretson v. S.D. Myers, Inc.*, 72 Ohio App.3d 785, 788 (9th Dist. 1991). Accordingly, although both unconscionability and violating public policy serve as grounds to hold an offending contract provision unenforceable, a finding as to one of these grounds is not determinative of the other.

{¶17} Here, Grimm challenges the arbitration clause on grounds of unconscionability and violation of public policy due to the inclusion of the loser-pays provision, which, as set forth above, provides: "The arbitrator shall have the authority to award attorney's fees and costs to a prevailing party."

{¶18} To facilitate our discussion, we initially address the parties' contentions regarding the interpretation of the loser-pays provision. Grimm maintains that the provision is ambiguous as to whether an award of attorney fees is mandated to the prevailing party, whereas Professional Dental maintains that the provision permits the arbitrator to award the prevailing party only those attorney fees the party would receive had the matter been heard in court.

{¶19} However, we discern no ambiguity in the loser-pays provision as suggested by Grimm, nor do we agree that the provision limits the circumstances in which the arbitrator may award fees and costs to a prevailing party as argued by Professional Dental. By its plain language, the loser-pays provision authorizes the arbitrator, in his or her discretion, to award attorney fees to the prevailing party.

{¶20} Thus, the loser-pays provision permits, but does not require, recovery of attorney fees that would not otherwise be recoverable in this case. This is because "Ohio

Case No. 2024-P-0039

has long adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." *Wilborn v. Bank One Corp.*, 2009-Ohio-306, ¶ 7, quoting *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 33-34 (1987); and *State ex rel. Beebe v. Cowley*, 116 Ohio St. 377, 382 (1927). "However, there are exceptions to this rule. Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees or when the prevailing party demonstrates bad faith on the part of the unsuccessful litigant." (Internal citations omitted.) *Wilborn* at ¶ 7.

{¶21} Because the arbitration agreement provides Professional Dental a potential remedy to which it would not otherwise be entitled as a defendant in an employment discrimination case, Grimm maintains that the loser-pays provision is not enforceable. In support, Grimm relies heavily on two cases involving loser-pays provisions contained in arbitration clauses in consumer contracts: *Hedeen v. Autos Direct Online, Inc.*, 2014-Ohio-4200 (8th Dist.), which found a mandatory loser-pays provision contrary to public policy, rendering the arbitration agreement unenforceable; and *DeVito v. Autos Direct Online, Inc.*, 2015-Ohio-3336 (8th Dist.) (en banc), which struck a mandatory loser-pays provision from an arbitration agreement after concluding that the provision was unconscionable and violated public policy.

{¶22} In *Hedeen*, a consumer purchased a vehicle from a dealership whose salesperson informed her that the vehicle had not been involved in an accident. *Id.* at ¶ 2. Thereafter, the consumer learned that the car had in fact been involved in an accident, sustaining substantial damage. *Id.* The consumer filed a complaint against the dealership

Case No. 2024-P-0039

under the Consumer Sales Practices Act ("CSPA"). *Id.* The dealership moved to stay proceedings pending arbitration pursuant to the parties' agreement. *Id.* at ¶ 3. The trial court granted the dealership's motion, and the consumer appealed. *Id.* at ¶ 4-5.

{¶23} On appeal, the consumer argued, in part, that the arbitration clause was contrary to public policy due to the inclusion of a loser-pays provision, which provided, "The non-prevailing party shall pay, and the arbitrators shall award the prevailing party's arbitration costs and expenses, including reasonable attorney's fees." *Id.* at ¶ 40. The Eighth District noted that, under R.C. 1345.09(F), a consumer who prevails on her claim may obtain reasonable attorney fees when the supplier knowingly violates the CSPA, but when the supplier prevails, it may obtain reasonable attorney fees only when the consumer's action was groundless or filed or maintained in bad faith. *Hedeen* at ¶ 41. The Eighth District concluded:

> [T]he loser-pays provision in the arbitration agreement violates public policy to the extent that it requires the arbitrator to award [the dealership] reasonable attorney fees even if [the consumer] did not file her action in bad faith. The CSPA reflects a strong public policy that consumers who bring good faith claims against suppliers will not have to pay the supplier's attorney fees under R.C. 1345.09(F), even if the consumer loses [her] claim against the supplier. [The dealership's] loser-pays provision effectively nullifies this statutory protection provided to consumers by the CSPA. Therefore, we agree with [the consumer] in that the loser-pay provision chills consumers from pursuing their statutory claims through arbitration.
>
> Based on the foregoing, we find that the arbitration clause is unenforceable because it vanquishes the remedial purpose of a statute by imposing arbitration costs and preventing actions from being brought by consumers. Such a contract clause is injurious to the interests of the State, is against public policy, and accordingly cannot, and will not, be enforced. As a result, the trial court's grant of [the dealership's] motion to stay proceedings pending arbitration was improper.

(Internal citations omitted.) *Hedeen*, 2014-Ohio-4200, at ¶ 48-49 (8th Dist.). In an opinion concurring in part and dissenting in part, one judge expressed the view that the court could sever the loser-pays provision from the contract and enforce the remainder of the arbitration agreement. *Id.* at ¶ 57-58 (Boyle, J., concurring in part and dissenting in part).

{¶24} In *DeVito*, 2015-Ohio-3336, ¶ 2 (8th Dist.), the Eighth District, sitting en banc, reviewed another consumer action where an arbitration agreement contained a mandatory loser-pays provision identical to that addressed in *Hedeen. DeVito* at ¶ 4, 9. In *DeVito*, on the dealership's motion, the trial court stayed the proceedings pending arbitration, and the consumer appealed. *Id.* at ¶ 4, 10.

{¶25} The lead opinion in *DeVito* concluded that "the loser-pays provision of the subject arbitration agreement [was] unconscionable and against public policy." *Id.* at ¶ 2. The lead opinion further determined that the loser-pays provision could be excised from the arbitration agreement, with the non-offending terms of the arbitration agreement remaining enforceable, and a majority of the en banc court concurred in judgment. *Id.* at ¶ 2, 5, 11, 45; *id.* at ¶ 46 (Boyle, J., concurring in judgment only). The dissenting judges would have found the entire arbitration clause unconscionable and unenforceable. *Id.* at ¶ 68 (Kilbane, J., dissenting).

{¶26} With specific respect to the claim that the loser-pays provision was substantively unconscionable, the lead opinion in *DeVito* reasoned that "[a] fair reading of th[e] imbalanced loser-pays provision shows that it is intended to intimidate consumers away from pursuing their CSPA claims." *Id.* at ¶ 30. The lead opinion addressed the costs of arbitration, which would typically be borne by the supplier, and determined, "The built-in, grossly imbalanced unfairness of the loser-pays terms, the altering of the industry

Case No. 2024-P-0039

standard, the inability of a diligent consumer to readily discern the extent of potential future liability renders [the dealership]'s arbitration agreement substantively unconscionable, when the loser-pays provision is embedded." *Id.* at ¶ 31.

{¶27} With respect to procedural unconscionability, the lead opinion noted that "[t]he loser-pays provision [was] tucked into a take-it-or-leave-it, preprinted, boilerplate arbitration agreement sent in an email to the vehicle purchaser among a stack of documents. As such, it [was] adhesive. There was little meaningful, face-to-face opportunity for understanding, negotiating, or altering the terms." *Id.* at ¶ 32. The lead opinion concluded that the consumer had established the requisite procedural unconscionability in that case. *Id.* at ¶ 32-35.

{¶28} The lead opinion then went on to address public policy considerations, reasoning, as the court had in *Hedeen*, that the loser-pays provision violated public policy as codified in the CSPA by requiring a consumer to pay a prevailing defendant's attorney fees. *DeVito*, 2015-Ohio-3336, at ¶ 40 (8th Dist.). However, because the provision could be excised from the agreement, the *DeVito* court ordered that the judgment be modified to sever the loser-pays provision from the arbitration agreement and affirmed the judgment as modified. *Id.* at ¶ 43-44. *See also Gaither*, 2017-Ohio-765, ¶ 51, 65 (2d Dist.) (concluding that a loser-pays provision in an arbitration agreement executed by a consumer violated public policy and ordering the provision to be severed from the agreement).

{¶29} Although *DeVito* and *Hedeen* involved mandatory loser-pays provisions in consumer transactions, Grimm maintains that the rationale finding the loser-pays

Case No. 2024-P-0039

provisions unenforceable is equally applicable to discretionary loser-pays provisions in employment discrimination cases.

{¶30} Grimm's position finds partial support in *Champness v. J.D. Byrider Systems, LLC*, 2015 WL 247924, *5 (S.D.Ohio Jan. 20, 2015). In *Champness*, an employee entered into agreements with his employer which provided that all controversies arising out of employment would be settled by arbitration. *Id.* at *4. The agreements permitted the arbitrator to award attorney fees and costs to the prevailing party. *Id.* at *5. After the employee was terminated, he filed a complaint in federal court against the employer, which included claims of age discrimination under state and federal law, retaliation under the Family Medical Leave Act ("FMLA"), disparate treatment, and breach of contract. *Id.* at *1. Thereafter, the employer moved to compel arbitration. *Id.*

{¶31} In reviewing the motion, the district court found the loser-pays provisions contained in the agreements to be unenforceable because "they provide recovery to a successful defendant-employer that was not intended under the FMLA." *Id.* at *7, citing *Deher v. Eskco, Inc.*, 2009 WL 2176060, *8 (S.D.Ohio July 21, 2009). However, the district court determined that the offending provision could be severed from the parties' dispute resolution plan, and the remainder of the plan could be enforced. *Id.* at *10.

{¶32} The *Champness* court then proceeded to review the employee's alternative argument that the entirety of the dispute resolution plan was unconscionable under Ohio law. *Id.* However, under the facts of that case, the district court concluded that the employee did not establish procedural unconscionability. *Id. Compare Lindsey v. Sinclair Broadcast Group, Inc.*, 2003-Ohio-6898, ¶ 5 (2d Dist.) (employee failed to establish

Case No. 2024-P-0039

procedural unconscionability of loser-pays provision in arbitration agreement but raised no argument regarding public policy).

{¶33} Similarly, here we conclude that the loser-pays provision violates public policy as expressed in R.C. Chapter 4112. The relevant statutory scheme does not permit an award of attorney fees to a prevailing employer on a good-faith claim by an employee, and the potential liability for such fees acts as a deterrent on employees seeking to vindicate their rights. The discretionary nature of the loser-pays provision does not assuage this public policy concern. "Whether mandatory or optional, the broad language of the [agreement] regarding fees results in a chilling effect" on an employee who has faced employment discrimination. *See Conte v. Blossom Homes, L.L.C.*, 2016-Ohio-7480, ¶ 27-28, 34 (8th Dist.) ("The unconscionability and public policy concerns that this court expressed in *DeVito* and *Hedeen* are not assuaged by making the award optional yet without condition."). *See also Champness*, 2015 WL 247924, at *5 (agreements providing that arbitrator "may" award attorney fees held to violate public policy).

{¶34} Therefore, to the extent that Grimm maintains that the loser-pays provision is unenforceable as violating public policy, Grimm's assigned error has merit.

{¶35} However, we agree with the trial court to the extent that Grimm failed to establish that the loser-pays provision was unconscionable. First, we note that much of the discussion of substantive unconscionability in the CSPA cases cited by Grimm pertain to undisclosed arbitration costs under the pertinent arbitration rules. Here, Grimm made no argument regarding these costs.

{¶36} Nonetheless, assuming without deciding that the chilling effect of the loser-pays provision for attorney fees sufficiently establishes substantive unconscionability,

Case No. 2024-P-0039

Grimm fails to establish procedural unconscionability. As addressed above, the loser-pays provision is written in plain language and is unambiguous—it affords the arbitrator discretion to award attorney fees to the prevailing party. The provision is typed in the same font as the other terms of the agreement and included at the end of the twenty-fourth section, which is labeled "<u>ARBITRATION</u>" and is one of only two section headings capitalized in the agreement. Further, the agreement contains a provision stating that Grimm "had the opportunity to be represented by legal counsel in the review, execution and delivery of this Agreement and understands fully the terms and provisions thereof."

{¶37} At the hearing on remand, Grimm affirmed that she had read the agreement before signing it, but she decided not to have an attorney review the agreement. Further, Grimm indicated that, although she was not educated in the law or business, she was intelligent and had obtained advanced degrees, and she did not ask Professional Dental to make any changes to the agreement.

{¶38} Professional Dental's lead compensation analyst testified that the professional services employment contract used in this case is the standard form agreement used by Professional Dental, upon which he entered information specific to Grimm's employment. The compensation analyst stated that fifty to sixty percent of the professionals entering into this agreement will request revisions. As far as he could tell, no revisions were made to the agreement after he completed it.

{¶39} Based on the testimony, we discern no procedural unconscionability. *See Dreher v. Eskco, Inc.*, 2009 WL 2176060, *16 (S.D.Ohio July 21, 2009); *see also Gaither*, 2017-Ohio-765, at ¶ 24 (2d Dist.). To the extent that Grimm argues otherwise, her assigned error lacks merit.

Case No. 2024-P-0039

**{¶40}** Accordingly, we conclude that, although not unconscionable, the loser-pays provision violates public policy. However, as set forth in our discussion above, provisions in a contract that violate public policy may be severed from the agreement. *DeVito*, 2015-Ohio-3336, at ¶ 40 (8th Dist.). "[A]n offending provision in an agreement may be severed if it 'does not fundamentally alter the otherwise valid and enforceable provisions of the agreement.'" *Gaither* at ¶ 53 , quoting *Ignazio v. Clear Channel Broadcasting, Inc.*, 2007-Ohio-1947, ¶ 20.

**{¶41}** Here, the parties' agreement contains a severability clause that provides as follows:

> The parties intend that the provisions of this Agreement shall be enforceable to the fullest extent permissible under applicable law. In the event that any provision hereof would under applicable law, be invalid or unenforceable, such provision shall, to the extent permitted under applicable law, be construed by modifying or limiting it so as to be valid and enforceable to the maximum extent possible under applicable law. The provisions of this Agreement are severable, and in the event that any provision hereof should be held invalid or unenforceable in any respect, it shall not invalidate, render unenforceable or otherwise affect any other provision hereof.

**{¶42}** Accordingly, excising the loser-pays provision from the arbitration clause is consistent with the parties' agreement. Further, as set forth in *DeVito*:

> Ohio law establishes a balance for the parties as it relates to rights and responsibilities in the arbitration process. While inherently unfair language can and should be stricken, there is no authority inherent in this court to carte blanche strike down an otherwise valid arbitration agreement. Arbitration openly agreed to by the parties is strongly supported by statute and court precedent. The arbitration agreement is otherwise enforceable once the noxious provision is eliminated from the agreement. We will not overreach by attempting to invalidate the entire arbitration agreement when excision of the offending portion will suffice.

Case No. 2024-P-0039

(Internal citation omitted.) *Id.* at ¶ 43 (plurality).

**{¶43}** Based on the presumption in favor of arbitration and the parties' agreement, which contains a severability clause, we modify the trial court's judgments to order that the loser-pays provision be excised from the arbitration clause. The non-offending terms of the arbitration clause remain enforceable.

**{¶44}** The judgments of the trial court are affirmed as modified, and this matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2024-P-0039

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgments of the Portage County Court of Common Pleas are affirmed as modified, and this matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

Costs to be taxed against the parties equally.

_____
JUDGE EUGENE A. LUCCI

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE MATT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-P-0039